# EXHIBIT 3

# VedderPrice.

ANTHONY J. ASHLEY
ATTORNEY AT LAW
+1 (312) 609 7884
aashley@vedderprice.com

222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
T: +1 (312) 609 7500
F: +1 (312) 609 5005

CHICAGO • NEW YORK • WASHINGTON, DC
LONDON • SAN FRANCISCO • LOS ANGELES

April 8, 2015

**VIA E-MAIL AND REGULAR MAIL**

mspring@clarksondraper.com
Matthew D. Spring, Esq.
Clarkson Draper & Beckstrom, LLC
162 North 400 East, Suite A-204
P.O. Box 1630
St. George, UT 84771

Re: Tom Wood/Bully Dog

Dear Mr. Spring:

As you know, our client, Bully Dog Acquisition, LLC ("Bully Dog") believes it may have various possible claims and causes of action against your client, Tom Wood, relating to his activities since leaving Bully Dog's employment in 2014. Bully Dog's claims against Mr. Wood were articulated, in part, in a letter to Mr. Wood dated February 10, 2015, from my colleague, Bill Kummerer ("Mr. Kummerer's Letter"). As Mr. Wood's legal counsel, you have denied the validity of the claims asserted in Mr. Kummerer's Letter. Bully Dog's claims and Mr. Wood's denials are referred to below in this letter collectively as the "Dispute."

Through our subsequent correspondence and communications, you and I have negotiated the terms of a standstill agreement related to the Dispute on behalf of our respective clients as follows:

1. Simultaneously herewith, Mr. Wood agrees to execute and deliver to Bully Dog a Declaration in the form of <u>Exhibit A</u>, attached to this letter (the "Declaration").

2. In exchange for Mr. Wood's execution and delivery of the Declaration, Bully Dog agrees not to pursue a legal action against Mr. Wood in regard to the Dispute, and if Bully Dog does initiate litigation against Mr. Wood the applicable Court shall award attorneys' fees to the prevailing party in the Dispute.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, and with Vedder Price (CA), LLP, which operates in California.

CHICAGO/#2685582.2

# VEDDERPRICE.

March 26, 2015
Page 2

3. Mr. Wood understands, acknowledges and agrees that:

   (a) Bully Dog's covenant and agreement to refrain from a pursuing legal action (as described in Section 2 of this letter) is expressly conditioned upon the full and complete truth and accuracy of the matters set forth in the Declaration; and

   (b) if any of the matters asserted by Mr. Wood in the Declaration are not fully and completely true and accurate, Bully Dog's obligations under Section 2 of this letter shall be null, void and of no further force or effect.

4. Nothing in this letter shall be construed as excusing Mr. Wood from any of his obligations or duties under the Bully Dog Agreements (as defined in Mr. Kummerer's Letter) except that Bully Dog acknowledge and agrees that Mr. Wood's participation in the limited activities described in Section 5 of the Declaration shall not be deemed to violate Mr. Wood's non-competition obligations under the Bully Dog Agreements.

5. Mr. Wood hereby:

   (a) reaffirms and agrees to honor all of his duties and obligations under the Bully Dog Agreements (as modified by Section 4 of this letter) which shall hereafter continue in full force and effect in accordance with their terms and conditions; and

   (b) understands and agrees that nothing in this letter shall preclude Bully Dog from taking legal action to enforce its rights under the Bully Dog Agreements to the extent (i) any of the assertions made by Mr. Wood in the Declaration are untrue or (ii) Mr. Wood otherwise breaches his duties and/or obligations to Bully Dog.

If you and your client are in agreement with the terms of this letter, please arrange to have Mr. Wood sign this letter in the space provided below and return the signed letter to us along with his signed Declaration. We will simultaneously arrange for an authorized officer of Bully Dog to countersign this letter so we can exchange signed signature pages to complete our agreement.

Sincerely,

Vedder Price P.C.

Anthony J. Ashley

## VEDDER PRICE

March 26, 2015
Page 3

AJA/cm

AGREED TO AND ACCEPTED BY:

_____*Tom Wood*_____
Tom Wood

Dated: __4/13/2015__

BULLY DOG ACQUISITION, LLC

By:_____
Its:_____
Dated:_____

Dated_____

# DECLARATION OF TOM WOOD

I, Tom Wood, state and depose as follows:

1. I am more than eighteen (18) years of age, of sound mind and memory, and make this Declaration of my own free will.

2. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I have no legal disabilities and could competently testify about these facts.

3. I am currently not employed and I am not engaged in any business activities that are directly or indirectly competitive with my former employer, Bully Dog Acquisition, LLC ("Bully Dog").

4. Except as specifically provided in Paragraph 5 below, since leaving the employment of Bully Dog, I have not been employed by, consulted to or had any business relationships with H&S Performance, Torque Technologies, Apex Tuning or any of their owners and/or affiliated companies.

5. I am the current owner of TechIT, LLC ("TechIT"), a Utah limited liability company which provides technical support to Apex Tuning customers for products sold by Bully Dog. TechIT was formed in March, 2014, and the business started operating in September, 2014. TechIT operates a 1-800 customer service telephone number for Apex Tuning customers who have purchased Bully Dog products. As owner of TechIT, I do not perform any services at Apex Tuning's facilities, nor do I nor any of my employees personally visit customers to resolve technical issues with Bully Dog products.

6. Shortly after my employment with Bully Dog ended, I returned my Bully Dog laptop in its original condition, with all Bully Dog information intact and contained therein.

7. I do not currently possess any confidential or proprietary information, software, source code, firmware, or other intellectual property of Bully Dog ("Bully Dog IP") and have not been in possession of Bully Dog IP since mid-July 2014.

8. I have not, directly or indirectly, provided Bully Dog IP, before or after my separation with Bully Dog, to any third party and, therefore, I have not received any compensation or remuneration for such. Furthermore, if a third party such as H&S Performance, Torque Technologies or Apex Tuning is in possession of Bully Dog IP, I have no knowledge of how they came to obtain it.

9. I do not have any knowledge of any third party device, software or other work based on any Bully Dog IP being developed by anyone.

10. I do not have knowledge of any prototypes or products that have been developed, created, produced or otherwise derived from Bully Dog IP. Any such product created by any third party has done so without my assistance, expertise or input.

11. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2015.

_____
Tom Wood