Barry E. Clarkson – 8102
Matthew D. Spring – 14336
P. Rowland Graff - 10372
CLARKSON & ASSOCIATES, LLC
162 North 400 East, Suite A204
P.O. Box 1630
St. George, Utah  84771
Telephone: (435) 634-1940
Facsimile:  (435) 634-1942
bclarkson@clarksonlegal.com
mspring@clarksonlegal.com
rgraff@clarksonlegal.com

Attorneys for H&S Performance, LLC

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DERIVE POWER, LLC; and DERIVE SYSTEMS, INC.;<br><br>Plaintiffs,<br><br>v.<br><br>EZ LYNK, SEZC; H&S PERFORMANCE, LLC; THOMAS WOOD; LANCE HUNTER; TECHIT, LLC; GDP TUNING, LLC; and POWER PERFORMANCE ENTERPRISES, INC.;<br><br>Defendants. | **DECLARATION OF CASEY SHIRTS**<br><br>Case No. 2:16-cv-01066-BSJ<br><br>Judge: Bruce S. Jenkins |

I, Casey Shirts, do solemnly swear to testify herein to the truth, the whole truth, and nothing but the truth that:

1. I was, at all times relevant to this matter, a manager and owner of H&S Performance, LLC ("H&S").

2. I have been in this industry since 2007.

3. I have personal knowledge of all the facts stated herein and am competent to testify thereto.

4. In approximately 2008, Bully Dog Technologies, LLC ("Bully Dog") and H&S entered into a Software Licensing Agreement.

5. This agreement licensed H&S to use software developed by Bully Dog to assist H&S in downloading their proprietary software onto a vehicles electronic control unit.

6. On or about January 1, 2012, Bully Dog and H&S entered into an Amended & Restated Software License and Hardware Purchase Agreement ("Licensing Agreement"). (Agreement is attached as Exhibit "A" to H&S Performance's Memorandum of Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction).

7. In order to terminate the Licensing Agreement, Section 6.2 requires that the terminating party provide 30 days prior written notice to the other Party alleged to have materially breached the Agreement.

8. Neither Bully Dog nor Plaintiff ever provided H&S with a written notice concerning H&S's alleged material breach of the Licensing Agreement.

9. Neither Bully Dog nor Plaintiff ever provided H&S with a written notice concerning the termination of the Licensing Agreement.

10. Since H&S has not received a written notice to terminate the Licensing Agreement, H&S believes that the Licensing Agreement is still in effect.

11. Pursuant to the Licensing Agreement, the "trade dress" was previously marketed publicly and without registration or any protection to multiple third parties, including to H&S

under a private label, with the express purpose of H&S or other parties relabeling these units as their own units.

12. Between the years of 2012 and 2014, H&S became aware that counterfeit devices which utilized both Plaintiff's software and H&S's proprietary software, were being produced and sold without H&S's permission.

13. On several occasions between 2012 and 2014, H&S informed Bully Dog that counterfeit devices were being produced by an unknown third party.

14. Bully Dog has failed to lock their firmware from unauthorized reading and/or copying. With readily available microchip programming tools, anyone can easily read the entire memory and duplicate it onto another Bully Dog GT device. There is a master readout lock that can easily be enabled on the microchip, which Bully Dog failed has to enable, even after being notified of the deficiency by H&S.

15. On November 14, 2014, Affiant sent an email to Rick Trudo of Derive, informing him of the counterfeit devices and referencing that Affiant had raised this issue of counterfeit devices previously with Bully Dog. (Email from Casey Shirts to Rick Trudo, dated November 14, 2014, 2:16 pm, is attached as Exhibit "B" to H&S Performance's Memorandum of Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction).

16. Bully Dog previously informed H&S that it would increase the security of the units and H&S asked that Bully Dog evaluate the security of their units. (See Exhibit "B").

17. Mr. Trudo, stated that Plaintiff was looking into this matter. (See Exhibit "B").

18. To my knowledge, none of these additional security measures were ever implemented by Bully Dog or Plaintiff, which rendered the intellectual property under-secured.

19. H&S has never had Bully Dog's source code. Bully Dog's and later Plaintiff's employees had the source code, while managing H&S's account but this code was never in H&S's possession.

20. The devices which form the subject of claims against H&S were not produced, manufactured, purchased, sold, or modified in any way by H&S.

21. The devices which form the subject of claims against H&S were not produced, manufactured, purchased, sold, or modified in any way with H&S's consent.

22. On October 28, 2015, H&S entered into a Consent Decree with the Environmental Protection Agency ("Consent Decree"). (Consent Decree is attached as Exhibit "C" to H&S Performance's Memorandum of Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction).

23. As part of a Consent Decree, H&S certified that all of the remaining "defeat devices" inventory, including all products previously purchased from Bully Dog, were destroyed.

24. Pursuant to the Consent Decree, H&S has not purchased, promoted, advertised, or serviced any "defeat devices" including those purchased from Bully Dog or its successor, Plaintiff.

25. H&S did not manufacture or sell the counterfeit devices, which are in Plaintiff's possession.

I declare and certify under penalty of perjury under the laws of the United States of America and the State of Utah that the foregoing is true and correct.

DATED: November 2, 2016 at 4:20 PM.

_____
Casey Shirts

Submitted by:
CLARKSON & ASSOCIATES, LLC

  /s/Barry E. Clarkson
Barry E. Clarkson
Matthew D. Spring
P. Rowland Graff
*Attorneys for Defendant H&S Performance, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of November, 2016, I caused the foregoing **DECLARATION OF CASEY SHIRTS** to be electronically filed with the U.S. District Court for the District of Utah's electronic filing system, which served all parties identified on CM/ECF by electronic transmission:

| Counsel of Record. | Telephone & Fax Nos. | Email |
|---|---|---|
| Brent O. Hatch (5715)<br>Phillip J. Russell (10445)<br>HATCH, JAMES, & DODGE, P.C.<br>10 West Broadway, Suite 400<br>Salt Lake City, Utah 84101<br>*Attorneys for Plaintiffs* | Tel: (801) 363-6363<br>Fax: (801) 363-6666 | bhatch@hjdlaw.com<br>prussell@hjdlaw.com |
| Mark A. Klapow<br>Michael J. Songer<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>*Attorneys for Plaintiffs* | Tel: (202) 624-2500<br>Fax: (202) 628-5116 | mklapow@crowell.com<br>msonger@crowell.com |
| Jordan K. Cameron<br>DURHAM JONES PINEGAR PC<br>3301 N Thanksgiving Way Suite 400<br>Lehi, Utah 84043<br>*Attorneys for Defendant GDP Tuning* | Tel: (801) 375-6600<br>Fax: (801) 375-3865 | jcameron@djplaw.com |
| George R. Schultz<br>SCHULTZ & ASSOCIATES PC<br>5400 LBJ Freeway, Suite 1200<br>Dallas, Texas 75240<br>*Attorneys for Defendant GDP Tuning* | Tel: (214)210-5940<br>Fax: (214) 210-5941 | rschultz@grspc.com |
| Wesley D. Felix<br>WES FELIX LAW PC<br>170 S Main St, Suite 1075<br>Salt Lake City, Utah 84101<br>(801)746-4928<br>*Attorney for Defendant Hunter* | Tel: (801) 746-4928 | wes@wesfelixlaw.com |

| James T. Burton<br>Cameron M. Hancock<br>Joshua S. Rupp<br>KIRTON MCCONKIE<br>PO Box 45120<br>Salt Lake City, Utah 84145-0120<br>*Attorney for Defendant EZ Lynk SEZC* | Tel: (801) 328-3600<br>Fax: (801) 321-4893 | jburton@kmclaw.com<br>chancock@kmclaw.com<br>jrupp@kmclaw.com |
|---|---|---|
| Arthur B. Berger<br>Samuel C. Straight<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, Utah 84111<br>*Attorney for Defendant Power Performance Enterprises* | Tel: (801) 532-1500<br>Fax: (801) 532-7543 | aberger@rqn.com<br>sstraight@rqn.com |

  /s/ Barry E. Clarkson
A Clarkson & Associates, LLC employee