CAMERON M. HANCOCK (5398)
chancock@kmclaw.com
JAMES T. BURTON (11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (12647)
*jrupp@kmclaw.com*
**KIRTON | McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Counsel for EZ LYNK SEZC*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DERIVE POWER, LLC, *et al.*,<br><br>Plaintiffs and Counterclaim defendants,<br><br>v.<br><br>EZ LYNK, SEZC, *et al.*,<br><br>Defendants and Counterclaim Plaintiffs. | Case No. 2:16-cv-01066-BSJ<br><br>**EZ LYNK SEZC'S MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE AND TESTIMONY CONCERNING, RELATED TO, OR OBTAINED FROM THIRD-PARTY MATT GEOUGE**<br><br>Honorable Judge Bruce S. Jenkins |

Pursuant to, *inter alia*, DUCivR 7-1(a), the Court's inherent authority, Federal Rules of Civil Procedure 26, 37 and 45 and Federal Rules of Evidence 103, 403, and 802, Defendant and Counterclaim Plaintiff EZ Lynk, SECZ ("EZ Lynk"), by and through counsel, respectfully moves the Court, *in limine*, to exclude all evidence and/or testimony concerning, related to, or obtained, presently or at any time hereafter, from third-party Matt Geouge.

**PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS THEREFOR**

Pursuant to the Court's inherent authority and the rules of evidence and procedure, EZ

Lynk respectfully requests an order striking and/or excluding all documents, evidence, information and/or testimony, presently existing or hereafter obtained, from or related to Mr. Geouge as a result of Mr. Geouge's failure to produce documents as required by a duly served subpoena, his failure to appear for deposition on March 16, 2018 as required by a subpoena, and Derive Power, LLC and Derive Systems, Inc.'s (collectively, "Derive") interference and gamesmanship with EZ Lynk's third-party discovery of Mr. Geouge

## STATEMENT OF RELEVANT FACTS

1. On January 16, 2018, counsel for Derive contacted, among others, EZ Lynk's counsel to request discussion of a "development in the [above-captioned] case…."[1]

2. The so-called "development" referenced in Derive's request was alleged declaration testimony of Mr. Geouge, which Derive had worked directly with Mr. Geouge to handcraft and which Derive circulated following the parties' January 17, 2018 discussion.[2]

3. In response to the Mr. Geouge's declaration testimony drafted by Derive's counsel, on January 21, 2018, EZ Lynk provided all parties with notice of a document subpoena (the "Document Subpoena") to be served on Mr. Geouge on January 26, 2018.[3]

4. Derive did not object to or otherwise address the Document Subpoena during the period allotted under DUCivR 45-1, which was sent out for service, along with a subpoena for Mr. Geouge to testify at a deposition (the "Deposition Subpoena"), on January 30, 2018.[4]

5. EZ Lynk subsequently endeavored to repeatedly have Mr. Geouge served with

---

[1] *See* Jan. 16, 2018 email from M. Songer to C. Hancock *et al.*, attached as **Exhibit "A"**.
[2] *E.g.*, Jan. 21, 2018 email from J. Burton to M. Songer *et al.*, attached as **Exhibit "B"**.
[3] *Id.*
[4] *E.g.*, Jan. 30, 2018 email from J. Burton to M. Songer *et al.*, attached as **Exhibit "C"**.

2

both Subpoenas, but to no avail.[5] It became clear Mr. Geouge was evading service.

6. Prior to EZ Lynk's serial attempts to serve Mr. Geouge, Derive's counsel had been in touch with and had obtained Mr. Geouge's declaratory testimony on or before January 17, 2018 without any apparent difficulty. Accordingly, EZ Lynk requested Derive's assistance in locating Mr. Geouge for service and requested Mr. Geouge's contact information and address.

7. Derive initially ignored that request.[6]

8. Receiving no response, and still unable to serve Mr. Geouge notwithstanding diligent and repeated efforts, EZ Lynk again requested Derive's assistance, for a second time.[7]

9. When Derive finally did respond, despite having previously worked with Mr. Geouge to prepare his declaration and Derive's counsel having driven to Mr. Geouge's home to get his declaration signed, Derive claimed to only have Mr. Geouge's "phone number."[8] This claim was false and known to be false by Derive's counsel at the time it was made.[9]

10. EZ Lynk continued its diligent efforts to have Mr. Geouge served with the Subpoenas but still to no avail.[10] Still unable to serve Mr. Geouge, on February 15, 2018, EZ

---

[5] *E.g.*, Feb. 9, 2018 email from J. Burton to M. Songer *et al.*, attached as **Exhibit "D"** ("Our process server has been attempting to serve Mr. Geouge with his subpoena *duce tecum* and deposition subpoena" but "Mr. Geouge is evading service.").
[6] *E.g.*, Feb. 13, 2018 email from J. Burton to M. Songer *et al.*, attached as **Exhibit "E"**.
[7] *Id.*
[8] *E.g.*, Feb. 13, 2018 email between J. Burton and M. Songer *et al.*, attached as **Exhibit "F"**.
[9] Derive produced documents related to Mr. Geouge on the evening of March 14, 2018 after Derive knew counsel was in transit to Asheville North Carolina to take Mr. Geouge's deposition. *See* Exhibit P, *infra*. The documents produced establish that Derive knew Mr. Geouge's address despite Derive's counsel's representation to the contrary. This false statement appears to have been a litigation tactic to delay or prevent the deposition of Mr. Geouge and allow the defendants to "test" the veracity of the testimony Derive's counsel prepared in Mr. Geouge's declaration.
[10] *E.g.*, Feb. 15, 2018 email from J. Burton to M. Songer *et al.*, attached as **Exhibit "G"** ("While you did provide us with [Mr. Geouge's] number, he is not returning our calls. …. We ask that Derive do more to assist us in getting [Mr. Geouge] served").

Lynk again requested Derive's assistance for a third time.[11]

11. Derive ignored that request as well.[12]

12. Nevertheless, and notwithstanding Derive's failure to assist EZ Lynk in serving Mr. Geouge, EZ Lynk was finally able to reach Mr. Geouge by telephone on February 20, 2018.[13] During the course of that phone call, Mr. Geouge stated that he was represented by counsel, Jack Lyda, and authorized Mr. Lyda to accept service of the Subpoenas on his behalf.[14]

13. Given the passage of time during the interim, EZ Lynk immediately provided notice of amended Subpoenas (changing only the dates of compliance to accommodate Mr. Geouge) to all parties and sent the Subpoenas out for service on Mr. Lyda.[15]

14. On February 27, 2018, Mr. Lyda was personally served with and accepted the amended Subpoenas on behalf of Mr. Geouge,[16] both of which explicitly set forth EZ Lynk's counsel's name, mailing address, phone number and email address on their faces.[17]

15. Mr. Geouge's deadline to produced documents was **March 7, 2018** and his deposition was set for **March 16, 2018**.[18]

16. Mr. Geouge never objected to or moved to quash or modify the Document Subpoena prior to the March 7, 2018 deadline; instead, Mr. Geouge failed, without any excuse whatsoever, to comply with the Document Subpoena, and still has yet to produce even a single document responsive to the Document Subpoena nearly three (3) weeks later.

---

[11] *Id.*
[12] *E.g.*, Feb. 20, 2018 email from J. Burton to M. Songer *et al.*, attached as **Exhibit "H"**.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *See* Proofs of Service for both of the Subpoenas, collectively attached as **Exhibit "I"**.
[17] *E.g.*, Ex. H.
[18] *See id.*

17. In working to dual track its discovery efforts, particularly in view of Mr. Geouge's failure to comply with the Document Subpoena and the imminent close of fact discovery on April 30, 2018,[19] EZ Lynk simultaneously sought to obtain, *inter alia*, all correspondence and draft or other documents exchanged between Mr. Geouge and/or his counsel, on the one hand, and Derive and/or their counsel, on the other hand (collectively, the "Geouge materials") directly from Derive.[20] While the Geouge materials fall within EZ Lynk's discovery requests propounded on Derive in April 2017, EZ Lynk specifically met and conferred with Derive concerning the same on January 23, 2018 and continually addressed Derives discovery deficiencies in this respect through at least March 14, 2018.[21]

18. For example, following a February 5, 2018 summary of the parties' January 23, 2018 meet and confer, on February 28, 2018 EZ Lynk again requested that Derive immediately produce the Geouge materials given Mr. Geouge's upcoming deposition.[22]

19. That request was ignored notwithstanding Derive's commitment to produce the Geouge materials as of January 23, 2018.[23]

20. Accordingly, EZ Lynk again followed up with Derive on March 13, 2018.[24]

21. Upon doing so, EZ Lynk learned that Derive's counsel had been and was in contact with Mr. Geouge's attorney, Mr. Lyda, during the interim notwithstanding Mr. Geouge's failure to comply with the Document Subpoena on March 7, 2018 and Derive's failure to

---

[19] Docket no. 215.
[20] *E.g.*, Feb. 5, 2018 – Mar. 14, 2018 correspondence between J. Burton and V. Galluzzo *et al.*, attached as **Exhibit "J"**.
[21] *E.g., id.*
[22] *Id.* at 2.
[23] *Id.*
[24] *Id.* at 1-2.

produce any of the Geouge materials for nearly seven (7) weeks.[25] Specifically, on March 14, 2018, only two days before Mr. Geouge's deposition was set to begin and several defendants and their counsel were set to travel to the deposition, Derive represented that they had been in contact with Mr. Lyda and that Mr. Geouge's March 16, 2018 deposition "will not be going forward."[26]

22. During the interim, in concert with Derive's failure to produce any of the Geouge materials for nearly seven (7) weeks, Mr. Lyda sent a fax to EZ Lynk's counsel's law firm on March 13, 2018 but failed to identify EZ Lynk's counsel as the intended recipients.[27] Accordingly, EZ Lynk's counsel only first learned of the fax on March 14, 2018, after Mr. Lyda left a voicemail with EZ Lynk's counsel concerning the same.[28] During a subsequent phone call, Mr. Lyda represented, *inter alia*, that (a) Mr. Geouge *was* available for his deposition on March 16, 2018, (b) while Mr. Lyda was not available on the 16th, Mr. Geouge could find another attorney to represent him for purposes of defending the deposition, and (c) Mr. Lyda only waited so long to contact EZ Lynk's counsel because he did not have EZ Lynk's counsel's contact information despite accepting service of the Subpoenas which facially set forth that very information more than two (2) weeks previously.[29] Following correspondence with Derive's counsel, Mr. Lyda changed his position, stating that Mr. Geouge was not available.[30]

23. In view of (a) Mr. Geouge's failure to comply with the Document Subpoena, (b) Derive's contact with Mr. Geouge regarding his last minute notice to not appear for his

---

[25] *Id.* at 1.
[26] *Id.*
[27] *See* Mar. 13, 2018 fax from J. Lyda to Kirton McConkie, attached as **Exhibit "K"**.
[28] *E.g.*, Mar. 14, 2018 email between J. Burton and J. Lyda *et al.*, attached as **Exhibit "L"**.
[29] *E.g.*, Feb. 5, 2018 – Mar. 15, 2018 correspondence between J. Burton and V. Galluzzo *et al.*, attached as **Exhibit "M"**.
[30] *Compare* Ex. K, *with* Ex. L.

deposition on March 16, 2018 as required by the Deposition Subpoena and complete failure to produce any documents, (c) Derive's failure to timely produce any of the Geouge materials for nearly seven (7) weeks, (d) Mr. Lyda's tardy, half-hearted, and demonstrably false efforts to excuse Mr. Geouge's non-compliance and unilaterally suspend the deposition without properly or timely seeking a protective order or moving to quash or modify, and (e) the number of parties and counsel already in transit or set to travel to the deposition, EZ Lynk informed Mr. Lyda and Derive that Mr. Geouge's March 16, 2018 deposition would be proceeding as set.[31]

24. Pursuant to the Deposition Subpoena, EZ Lynk (and others) appeared at the time appointed for Mr. Geouge's deposition on March 16, 2018. Nevertheless, Mr. Geouge did not appear. Accordingly, Mr. Geouge's non-appearance was noted on the record.[32]

25. Notably, despite failing to produce any of the Geouge materials for nearly seven (7) weeks despite having possession of, access to, and control of the same throughout that entire period of time, Derive did finally produce *some* of the Geouge materials (though not all of them) at 7:34 pm MST on March 14, 2018—after business hours on the night before EZ Lynk's counsel was set to travel to North Carolina for Mr. Geouge's deposition.[33] While grossly untimely and unfair, Derive's eleventh hour document production demonstrates that Derive and its counsel (a) had been in direct contact with Mr. Geouge starting at least as early as November 17, 2017, (b) were clearly aware of or could have obtained complete contact information for Mr. Geouge despite subsequent representations to EZ Lynk to the contrary, and (c) prepared Mr.

---

[31] *See* Exs. J, L & M; *see also, e.g.,* Mar. 15, 2018 email from S. Straight to V. Galluzzo *et al.*, excerpts attached as **Exhibit "N"** (other parties also notifying Derive of travel and attendance).
[32] *See* Certificate of Nonappearance, attached as **Exhibit "O"**.
[33] *See, e.g.,* Mar. 14, 2018 email from C. Hawes to C. Hancock *et al.*, attached as **Exhibit "P"**.

Geouge's declaration on Mr. Geouge's behalf and with Mr. Geouge's willing cooperation.[34]

26. Derive has now also unilaterally served Mr. Geouge with their own deposition subpoena.[35] Derive apparently had no trouble setting a new deposition for Mr. Geouge at a time convenient to Derive. But Derive cannot cure Mr. Geouge's non-compliance with both Subpoenas and "save" their star witness from exclusion after-the-fact simply by noticing another deposition. Mr. Geouge's deposition was set for March 16, 2018 and was closed following Mr. Geouge's non-appearance. And even if Mr. Geouge's non-compliance with the Subpoenas could somehow be cured by Derive's unilateral notice of another deposition, the more than 25 fact and expert depositions that must be completed between now and April 30, 2018[36] render it impractical and impossible to re-depose Mr. Geouge between now and the end of fact discovery.

## ARGUMENT

There is no dispute that this Court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[37] The exercise of such judicial discretion holds with respect to motions *in limine*,[38]

---

[34] *Id.* (Derive has designated every page of the Geouge materials as either Confidential – Attorneys' Eyes Only or Confidential. Accordingly, and to simplify the instant filing, these materials have not been attached. Nevertheless, should the Court like to examine the Geouge materials, EZ Lynk can submit the same for review under seal.).

[35] *See* Mar. 22, 2018 email from R. Kornweiss to C. Hancock *et al.*, attached as **Exhibit "Q"**.

[36] *See, e.g.,* correspondence collectively attached as **Exhibit "R"** detailing ongoing efforts to schedules 25 or more fact and expert depositions during the month of April.

[37] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1997); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (recognizing "district court's inherent authority to manage the course of trials"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (same); *United States v. Mitchell*, 518 F.3d 740, 749 (10th Cir. 2008) (same); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) ("the district court has wide discretion in its regulation of pretrial matters").

[38] *Luce* 469 U.S. at 41 n.4 ("*in limine* rulings" are pursuant to the court's "inherent authority").

"which may aid the parties in formulating their trail strategy."[39] Such discretion is also consistent with, *inter alia*, Federal Rule of Evidence 103(c) (allowing the Court to make statements about the character or form of evidence), 403 (authorizing the exclusion of prejudicial evidence) and/or 802 (excluding hearsay). And the discretion to exclude evidence is particularly appropriate as a sanction where the party ultimately seeking to proffer and rely upon the evidence has actively worked to obfuscate and/or limit access to cross-examination and countervailing evidence, particularly at the tail end of the fact discovery period when such tactics are especially prejudicial to other parties and results in surprise.[40]

In this case, all documents, evidence, information and/or testimony, presently existing or hereafter obtained, from or related to Mr. Geouge should be excluded *in limine* for a number of reasons. To begin with, Mr. Geouge is not a neutral third-party witness but is instead *Derive's* witness. For example, without disclosing Mr. Geouge's identity or the subject matter of Mr. Geouge's likely testimony pursuant to Rule 26(a)(1) either from the outset or via supplementation,[41] Derive began coordinating with Mr. Geouge at least as early as November 17, 2017, a fact hidden from EZ Lynk and the other defendants for several months.[42] Moreover, between November 17, 2017 and January 17, 2018, Derive continued to conceal its relationship

---

[39] *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995); *see also Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) ("a 'motion in limine' [is] a pretrial request that certain inadmissible evidence not be referred to or offered at trial" or "a request for guidance by the court regarding an evidentiary question…" (internal quotation marks and alterations omitted)).

[40] *See generally* FED. RS. CIV. P. 26, 37 & 45; *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015) (Among the Court's implied or inherent powers is the "ability to fashion an appropriate sanction for conduct which abuses the judicial process."); *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995) (courts have the "inherent power to impose a variety of sanctions to regulate [their] docket[s] [and] promote judicial efficiency...").

[41] *See* FED. R. CIV. P. 37(C)(1) (providing for the automatic exclusion of evidence that was not properly disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1) or timely supplemented).

[42] *See* Statement of Relevant Facts ("Facts"), *supra*, at ¶ 25.

with Mr. Geouge while assisting Mr. Geouge with handcrafting a declaration allegedly favorable to Derive's claims and defenses.[43] Indeed, Derive was able to obtain Mr. Geouge's voluntary declaration without propounding or conducting any third-party discovery.

Immediately following the disclosure of Mr. Geouge's declaration, on January 21, 2018, EZ Lynk began diligently seeking to obtain relevant discovery both from Mr. Geouge himself via subpoena and via party-to-party discovery from Derive well within the fact discovery period.[44] Nevertheless, Mr. Geouge evaded service for multiple weeks.[45] During that time, and notwithstanding Derive's clear relationship with Mr. Geouge and intent to rely on his testimony, Derive largely ignored EZ Lynk's several requests for Derive's assistance in serving Mr. Geouge, only to then falsely claim to know only his telephone number.[46] Worse, Derive concealed and refused to produce documents long within their possession, custody and control, demonstrating both Derive's long-standing relationship with Mr. Geouge as well as Derive's familiarity with other contact information for him.[47] Indeed, despite having such information the entire time, Derive deliberately delayed its production for months, waiting until the night before EZ Lynk's counsel was set to travel to North Carolina on March 15, 2018 for Mr. Geouge's deposition to finally produce some of the Geouge materials.[48] This is despite the information falling within the scope of EZ Lynk's April 2017 discovery requests and having been specifically raised during the January 23, 2018 meet-and-confer.

Now, having acted in concert with Mr. Geouge to frustrate EZ Lynk's discovery efforts

---

[43] *Id.*
[44] *Id.* at ¶¶ 1-24.
[45] *Id.* at ¶¶ 3-12.
[46] *Id.*
[47] *Id.* at ¶¶ 17-25.
[48] *Id.*

thus far, including interfering with Mr. Geouge's compliance with the two validly issued and properly served Subpoenas, Derive has sought to re-notice Mr. Geouge's deposition at the tail end of fact discovery and in the midst of more than 25 fact and expert depositions yet to be completed in April. This is highly prejudicial to EZ Lynk and amounts to the type of litigation-by-ambush prohibited under the Federal Rules of Civil Procedure.[49] And given Derive's bad faith conduct, excluding evidence related to Mr. Geouge is both necessary and appropriate at this late stage of the fact discovery period to maintain order in this case and deter future litigants from similar acts of gamesmanship. This is particularly true where Mr. Geouge's declaration is hearsay and even double hearsay, not to mention highly prejudicial and biased. Derive's conduct resulted in the delayed notice of Mr. Geouge as a fact witness, delayed production of documents concerning Mr. Geouge for several months, falsely claiming Derive's counsel only had Mr. Geouge's telephone number to delay service of the Subpoenas, contacting Mr. Geouge's counsel regarding and claiming Mr. Geouge was suddenly unavailable only two (2) days before his March 16, 2018 deposition, thereby preventing EZ Lynk from timely conducting discovery and the cross-examination of Mr. Geouge to the benefit of Derive. Remarkably, after this interference, Derive did not encounter any problems in serving their own subpoena on Mr. Geouge and securing a date for his deposition. This type of gamesmanship and interference with Mr. Geouge's compliance with the Subpoenas should not be tolerated. Derive should not benefit from its actions and this Court should enter an order excluding Mr. Geouge as a witness and all documents related to Mr. Geouge.

---

[49] *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1130 (10th Cir. 2011); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

4851-6099-3632

## CONCLUSION

For all of the foregoing reasons, the instant Motion should be granted. All evidence obtained or related to Mr. Geouge in any way should be excluded *in limine*

DATED this 28th day of March, 2018.

                                            Respectfully submitted,
                                            **KIRTON | McCONKIE**

                                            By: */s/ James T. Burton*
                                                  Cameron M. Hancock
                                                  James T. Burton
                                                  Joshua S. Rupp
                                                  *Counsel for EZ Lynk SEZC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2018, I caused a copy of the foregoing to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

*/s/ James T. Burton*

4851-6099-3632, v. 2