CAMERON M. HANCOCK (5398)
chancock@kmclaw.com
JAMES T. BURTON (11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (12647)
*jrupp@kmclaw.com*
BRIAN D. TUCKER (12265)
btucker@kmclaw.com
**KIRTON │ McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Counsel for EZ LYNK SEZC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERIVE POWER, LLC, *et al.*,<br><br>    Plaintiffs and Counterclaim defendants,<br><br>    v.<br><br>EZ LYNK, SEZC, *et al.*,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 2:16-cv-01066-BSJ<br><br>**DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE ALL "BOOTSTRAP" OR "BOOTLOADER" REFERENCES AND EVIDENCE**<br><br>**REDACTED VERSION**<br>Honorable Judge Bruce S. Jenkins |

All Defendants respectfully file this Joint Motion *in Limine* to Exclude all "Bootstrap" or "Bootloader" References and Evidence (the "Motion").

## RELIEF SOUGHT AND GROUNDS THEREFOR

All evidence of Derive Power, LLC and Derive Systems, Inc.'s (collectively, "Derive") so-called "bootstrap" or "bootloader" download firmware should be excluded *in limine* inasmuch as the bootloader is neither the subject of the registered copyrights Derive alleges Defendants

1

have infringed nor a protectable trade secret. As such, the bootloader is irrelevant or, based on Derive's prior attempts to confuse the Court claiming that the bootloader was covered by the identified copyright registrations, is likely to lead to unfair prejudice and confusion.

## STATEMENT OF RELEVANT FACTS

1.     On October 18, 2016, Derive filed its Complaint,[1] which was followed by the filing of Derive's First Amended Complaint (the "FAC") a few months later.[2]

2.     Derive's FAC asserts various claims, including claims for copyright infringement, trade secret misappropriation, and a variety of claims which allegedly stem from misuse of Derive's copyrights and/or trade secrets.[3]

3.     To this end, Derive's FAC asserts the following copyrights: "'Ford 6.7 Liter Download Firmware v1007,'" and "'Ford 6.7 Liter Monitor/Datalog/Power Level Adjusting Firmware v1007,' [both] registered on September 21, 2016…."[4]

4.     Nevertheless, Derive did not definitively "[i]dentify *each* of [its] copyright registrations at issue in this [a]ction, including any and all assignments, licenses or agreements, if any, under which [Derive] acquired ownership of [the] copyright registrations" in response to EZ Lynk's Interrogatory No. 9 until forced to do so by the Court.[5]

5.     Derive finally identified the finite and specific copyright registrations it was asserting, for the first time, on February 26, 2018—more than sixteen (16) months after filing suit[6]—as solely Copyright Registration Nos. TX 8-245-027 ("the '027 Registration") and TX 8-

---

[1] Docket no. 2 (Complaint).
[2] Docket no. 93 (FAC).
[3] *Id.* at ¶¶ 71-105 & 148-160.
[4] *Id.* at ¶ 72.
[5] *Compare* docket no. 227 (Order granting, in part, EZ Lynk's motion to compel substantive responses to, *inter alia*, EZ Lynk's Interrogatory No. 9 (docket no. 200), heard and decided Feb. 20, 2018), *with* Pls' Second Supp. Responses to EZ Lynk's First Set of Written Discovery, dated Feb. 26, 2018, attached as **Exhibit "1"**, at 5 (First Supp. Answer to Interrog. No. 9) (identifying responsive information as DER-00001243-DER-00001308) (emphasis added).
[6] *Compare* Complaint (filed Oct. 18, 2016), *with* Ex. 1 (served Feb. 26, 2018).

4849-5660-8612

245-052 ("the '052 Registration") (collectively, the "Registered Copyrights").[7]

6.      Derive's FAC is even more vague with respect to Derive's so-called trade secrets;[8] and notwithstanding repeated efforts to obtain an identification of Derive's trade secrets for some sixteen (16) months, Derive did not do so until forced by the Court.[9]

7.      On February 26, 2018 Derive finally identified its trade secrets, for the very first time, as "█████████████████████████████████████████"[10]

8.      Compounding the vague allegations set forth in Derive's FAC and Derive's excessive delays and discovery abuses, outlined in part in Defendants' joint co-pending motion *in limine* based on the spoliation of evidence, Derive sought a temporary restraining order and preliminary injunction based on its copyright and trade secret allegations on October 18, 2016.[11]

9.      In seeking injunctive relief, Derive's President and Chief Executive Officer, David Thawley, via sworn declaration, testified that Derive's copyrights allegedly consisted of "'firmware' … loaded directly on [performance programing] devices for use by the devices" while Derive's trade secrets allegedly consisted of "software … used to create calibration, or 'tune,' files," which software "is not … loaded on the device…."[12]

10.     Mr. Thawley also testified via declaration that Derive had the two Copyright Registrations discussed above, the substance of which were both "firmware," and identified the '027 Registration as covering the 'bootstrap' download firmware.[13]

---

[7] *See* DER-00001284-85 (the '027 Registration—entitled Ford 6.7 Liter Download Firmware v1007) & DER-00001307-08 (the '052 Registration—entitled Ford 6.7 Liter Monitor/Datalog/Power Level Adjusting Firmware v1007), collectively attached as **Exhibit "2"**.

[8] *E.g.,* docket no. 93 at ¶¶ 4-6, 10, 14, 16, 29, 45, 47-48, 56-57, 61-62, 66 & 83.

[9] *Compare* docket no. 227 (granting, in part, EZ Lynk's motion to compel substantive responses to, *inter alia*, EZ Lynk's Interrogatory Nos. 1-3 and 5-6 (docket no. 200), heard and decided Feb. 20, 2018), *with* Ex. 1 at 2-5 (identifying the following "files" as Derive's trade secrets: ███████████████████████████████).

[10] *See* Ex. 1 at 2-5.

[11] *E.g.,* docket no. 3 (motion for injunctive relief).

[12] Docket no. 4 at ¶ 7 (Thawley decl. in support of motion for injunctive relief).

[13] Docket no. 57 at ¶¶ 2-3, 5 & 8 (second decl. of Thawley re: motion for injunctive relief).

11.     Thawley also testified that the so-called "bootstrap" firmware is not "part of [Derive's] trade secret support software" but is copyrighted under the '027 Registration.[14]

12.     At the November 9, 2016 hearing on Derive's motion for  temporary restraining order and preliminary injunction (the "TRO hearing"), Derive continued to trumpet Mr. Thawley's declaration testimony that Derive's bootstrap download firmware, covered by the '027 Registration, had allegedly been copied by Defendants in violation of the Copyright Act.[15] For example, Derive argued at length concerning alleged infringement of the "copyrighted … bootstrap … download firmware,"[16] asserting: "We have the copyright claims, which is evidenced by the fact that [Defendants] took **our** exact bootstrap code."[17] And when explicitly asked by the Court if the so-called bootstrap download firmware "[i]s part of the copyright," Derive, via counsel, unequivocally responded: "Yes. This is part of **our** copyrighted code."[18] Derive continued: "The code on the right here is **our** copyrighted code" and "[i]t is code that we created and that we have a copyright[] … on."[19] And when again asked by the Court about the "registration" of, *inter alia*, Derive's allegedly copyrighted bootstrap download firmware, Derive again responded "[y]es, Your Honor, it was[;]" "[w]e registered [the bootstrap download firmware] before we filed the lawsuit, because … before you can bring a copyright infringement case under federal law" the copyright must be registered.[20]

13.     By extrapolating from the "*portion* of the code" allegedly taken, i.e., the so-called

---

[14] *Id.* at ¶ 9.

[15] *See, e.g.,* docket no. 4 at ¶ 18 (Thawley decl. in support of motion for injunctive relief, testifying "that many facets of the [bootstrap] firmware that operate the EZ LYNK device are carbon copies of Derive code" and that the "duplication is obvious upon inspection," etc.).

[16] Nov. 9, 2016 TRO hearing tr., excerpts attached as **Exhibit "3"**, at 11:2 – 12:24 & 32:8 ("the bootstrap code was identical").

[17] *Id.* at 20:9-11 (emphasis added).

[18] *Id.* at 12:4-6 (emphasis added).

[19] *Id.* at 12:8-9 & 12:23-24 (emphasis added).

[20] *Id.* at 21:2-8; *see also id.* at 24:15-21 (confirming that, *inter alia*, the bootstrap download firmware constituted the "copyrighted material" that Derive is "concerned with").

4849-5660-8612

bootstrap download firmware, Derive argued "a substantial likelihood that the *entire* download firmware copyrighted code has been taken …."[21] Derive further stated that "the bootstrap code is a smaller part of the larger part … point[ing] to the likelihood that the entire thing was copied" and asking "[w]hy would you just take the one and not the other?"[22] Put otherwise, Derive argued, "[t]here are millions of lines of code[; Derive] picked out the parts that matched identically in this bootstrap" for purposes of allegedly demonstrating copyright infringement.[23]

14.     Derive concluded, "even if [Defendants had] taken [only] that portion[, i.e., the allegedly copyrighted bootstrap download firmware], that is still copyright infringement…."[24]

15.     After discussing, *inter alia*, the bootstrap download firmware at length, Derive contrasted the allegedly copyrighted bootstrap download firmware relative to Derive's alleged trade secrets, stating that "[t]he trade secret program claims relate to a whole different type of software, a whole different type of computer program."[25]

16.     Notwithstanding Derive's repeated assertions and representations that the bootstrap download firmware was copyrighted under the '027 Registration and constituted the

---

[21] *Id.* at 13:14-16 (both emphases added).
[22] *Id.* at 23:4-18.
[23] *Id.* at 100:2-3.
[24] *Id.* at 23:19-21.
[25] *Id.* at 16:10-12. The bootstrap referenced in Mr. Thawley's declaration (docket no. 4; *see also* docket no. 57) is Exhibit 4 to the FAC, which uses "                              " *See* Thawley depo. tr. (Ex. 6, *supra*) at 115:13-21. Remarkably, for the first time, and just half an hour before the fact discovery cut off, Derive disclosed this file, and two others (namely                      ) as "confidential information," (Pls. First Am. Response to Wood's First Set of Introgs., Answer to Interrog. No. 9 at 7-8, attached as **Exhibit "11"**), and information "in addition to intellectual property subject to federal copyright registration," (Derive Third Supp. Responses to GDP Tuning LLC's First Set of Interrogs. To Pls., Answer to Interrog. No. 3 at 4, attached as **Exhibit "12"**). Derive is now apparently trying to introduce new "copyright registrations" beyond the two Registered Copyrights as well as newly identified "confidential information" which has never been specifically identified previously. This gamesmanship, claiming a bootstrap file as covered by the 027 Registration and then belatedly claiming it is confidential and possibly covered by undisclosed federal copyright registrations, should not be tolerated and the Court should similarly exclude any evidence regarding these files and all copyright registrations beyond the two Registered Copyrights previously identified.

4849-5660-8612

predicate of Derive's copyright infringement allegations,[26] Mr. Thawley (Derive's 30(b)(6) witness) later admitted that "[27] And in Mr. Thawley's subsequent personal deposition he confirmed that "                    "[28]

17.     Mr. Thawley also testified that                    .[29]

18.     In addition to Derive and Mr. Thawley, Derive's technical expert, Robert Dezmelyk, later confirmed that "                    "[30] And elsewhere Mr. Dezmelyk testified that                    .[31] Mr. Dezmelyk also repeatedly confirmed that                    .[32]

19.     Adding to the confusion created by Derive's reliance on the bootstrap download firmware, which was misrepresented to the Court as being part of the '027 Registration from the outset, Mr. Thawley, after repeatedly

---

[26] *E.g.,* docket no. 4 at ¶¶ 7 & 18; docket no. 57 at ¶¶ 2-3, 5 & 8; Ex. 3 at 11:2 – 12:24,  13:14-16, 20:9-11, 21:2-8, 23:4-21, 24:15-21, 32:8 & 100:2-3.

[27] Mar. 22, 2018 Derive 30(b)(6) depo. tr., excerpts attached as **Exhibit "5"**, at 6:7-8, 155:1 – 156:8, 158:3-5, 161:14-19 & 259:8 – 260:8 (referring to, *inter alia*, depo. Ex. 13, comprising the '027 Registration); *see also id.* at 156:25 – 157:4 ('                    ).

[28] Apr. 16, 2018 D. Thawley depo. tr., excerpts attached as **Exhibit "6"**, at 143:17-20.

[29] *Id.* at 24:1-7.

[30] Apr. 13, 2018 R. Dezmelyk depo. tr., excerpts attached as **Exhibit "7"**, at 102:19-21.

[31] *Id.* at 121:13-15.

[32] *Id.* at 121:10-12, 123:20-23 & 228:9-25.

[33] Ex. 5 at 141:21 – 143:5

4849-5660-8612



[34] Nevertheless, [35].

20.     And this confusion was later exacerbated by Derive's repeated reliance on the testimony of Matt Geouge and associated representations to the Court, suggesting that binary files allegedly sent to Mr. Geouge, which were ▮▮▮▮, allegedly included, *inter alia*, Derive's copyrighted bootstrap download firmware.[36] Nevertheless, Derive's engineer Mr. Chroninger (and others) testified that ▮▮▮▮ [37].

## ARGUMENT

### I.   THE COURT SHOULD EXCLUDE EVIDENCE THAT IS IRRELEVANT AND OUTWEIGHED BY THE RISK OF UNFAIR PREJUDICE AND CONFUSION

A motion *in limine* is "a pretrial request that certain inadmissible evidence not be referred to or offered at trial."[38] More particularly, motions in limine "provide a useful adjunct to other devices for truncating trial"[39] by "narrow[ing] the evidentiary issues for trial,"[40] "eliminate[ing] unnecessary trial interruptions,"[41] and excluding "prejudicial evidence before the evidence is

---

[34] *Id.* at 144:18-25, 146:1 – 147:6 & 166:3-11; *see also* Ex. 3 at 21:20 – 22:14.

[35] Apr. 11, 2018 V. Diaz depo. tr., excerpts attached as **Exhibit "8"**, at 109:11 – 110:6 (testifying that ▮▮▮▮"); Apr. 11, 2018 J. Falter depo. tr., excerpts attached as **Exhibit "9"**, at 35:3 – 36:38 (same); Apr. 27, 2018 B. Chroninger depo. tr., excerpts attached as **Exhibit "10"**, at 67:5 – 68:18, 84:8 – 85:15 & 86:21 – 87:22 (testifying ▮▮▮▮ ).

[36] *E.g.,* docket no. 194-5 (Geouge decl.), *passim.*

[37] *E.g.,* Ex. 10 at 113:5 – 114:1 & 114:7 – 116:6.

[38] *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (quoting Motion *in Limine*, BLACK'S LAW DICTIONARY (10th ed. 2014), alterations and quotation marks omitted), *cert. denied sub nom. Edens v. Netherlands Ins. Co.*, 137 S. Ct. 1375 (2017).

[39] 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR. FEDERAL PRACTICE AND PROCEDURE §5037.10 (2d ed. 2018).

[40] *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quotation marks omitted).

[41] *Id.*

actually offered."[42] In any event, in concert with the Court's inherent discretionary authority to manage its courtroom and pretrial activities, "[a] motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy."[43]

Guiding the Court's discretion are the Federal Rules of Evidence, including Rules 401, 402 and 403. Specifically, it is axiomatic that at trial, the jury should only consider relevant evidence. Rule 401 defines evidence as relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action"[44] while Rule 402 declares:  "Irrelevant evidence is not admissible."[45] And even where it is relevant, Rule 403 provides for exclusion the evidence's "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[46] And under Rule 104(a), "[t]he court must decide any preliminary questions about whether … evidence is admissible."[47]

### A. Evidence of Derive's So-called Bootstrap is not Relevant to Derive's Claims and Should, Therefore, be Excluded as Irrelevant

As set forth in the Statement of Relevant Facts ("Facts"), *supra*, Derive's original Complaint and subsequent FAC were decidedly vague concerning the identification of Derive's alleged copyrights and asserted trade secrets.[48] Nevertheless, from the outset, Derive misrepresented to the Court that (i) its so-called "bootstrap" or "bootloader" download firmware was the subject of a copyright duly and lawfully issued by the United States Copyright Office,

---

[42] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)
[43] *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quotation marks omitted).
[44] FED. R. EVID. 401.
[45] FED. R. EVID. 402.
[46] FED. R. EVID. 403.
[47] FED. R. EVID. 104(a).
[48] *See* Facts, *supra*, at ¶¶ 1-7.

namely the '027 Registration, and (ii) the allegedly copyrighted bootloader comprised one of the key bases upon which Derive's copyright claim (as well as claims ancillary thereto, which also rely on alleged misuse of the copyrighted material) was premised.[49] Indeed, such assertions were supported by two (2) sworn declarations from Derive's President and CEO, Mr. Thawley.[50] And during the subsequent TRO hearing, Derive's counsel argued not only that its bootstrap download firmware had been slavishly copied in violation of the Copyright Act, but that the alleged copying of that "portion" of Derive's copyrighted materials demonstrated copying of the "entire" '027 Registration.[51] Nevertheless, Mr. Thawley's sworn testimony and Derive's subsequent assertions turned out to be, at best, inaccurate, a truism only uncovered after months of unnecessary discovery and motion practice necessitated by Derive's lack of candor.

Specifically, notwithstanding prior representations, Derive later testified that ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████.[52] And Derive's technical expert, Mr. Dezmelyk, later testified to this same effect: "████████████████████████████████████████████████"[53] However, Mr. Dezmelyk remarkably ████████████████████████████████████████████████████████████ ████████████" Put otherwise, notwithstanding its representations to the Court and counsel for over a year to the contrary, Derive has failed to present any evidence the bootstrap is covered by the '027 Registration.[54] This is particularly significant as Derive's two asserted copyright registrations in this action were only obtained on September 21, 2016—less than a month before this lawsuit asserting copyright infringement of the bootstrap download firmware was filed.[55]

---

[49] *See id.* at ¶¶ 8-10 & 12-14.
[50] *See id.* at ¶¶ 8-10.
[51] *See id.* at ¶¶ 12-14.
[52] *See id.* at ¶ 16.
[53] *See id.* at ¶ 18.
[54] *See id.* at ¶¶ 16 & 18.
[55] *Compare* Ex. 1 (dated Sept. 21, 2016), *with* docket no. 2 (Complaint, filed Oct. 18, 2016).

4849-5660-8612

Simply stated, Derive, from the outset of this case, misrepresented to the Court when seeking a TRO that the bootstrap was covered by the '027 Registration when it was not.[56] Derive has also repeatedly testified, and the evidence demonstrates, that the bootstrap is entirely independent of Derive's alleged trade secret support code.[57] As such, all evidence or testimony concerning Derive's so-called bootstrap is irrelevant to any claim in this matter. References to or evidence of Derive's bootstrap should, therefore, be excluded *in limine*.

### B.   The Marginal Relevance, if Any, of Bootstrap Evidence or References is Substantially Outweighed by the Dangers of Unfair Prejudice, Confusion of the Issues, Misleading the Jury, and Wasting Time

Assuming, *arguendo*, that Derive's bootstrap had some marginal relevance (which it does not), evidence concerning the bootstrap must be excluded under Rule 403 as any relevance is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, and wasting time. Simply put, Derive attempted to mislead the Court. Derive should not be allowed to sow confusion among the jury through references to the irrelevant bootstrap in the hope that the complexity of the technology will give Derive an advantage.

Moreover, where the bootloader is neither the subject of either Registered Copyright identified in this action nor a protectable trade secret, any references to the bootstrap at trial is highly likely to mislead the jury, create confusion as to the scope of Derive's asserted intellectual property rights, and waste trial time. And such dangers are all the more salient here where, as it did at the TRO hearing, Derive is likely to argue that irrelevant similarities between two alleged bodies of computer code somehow demonstrate alleged copying, all to the Defendants' collective significant prejudice. Moreover, where Derive has made misrepresentations to the Court and Defendants concerning creation of the bootstrap and the alleged transmission of irrelevant files

---

[56] *See* Facts, *supra*, at ¶¶ 16 & 18.
[57] *See id.* at ¶¶ 7, 9, 11, 15 & 17.

4849-5660-8612

to Mr. Geouge,[58] the risks of unfair prejudice, confusion, misleading the jury, and wasting time are even more pronounced.

## **CONCLUSION**

For all of the foregoing reasons, all evidence of Derive's "bootstrap" or "bootloader" download firmware should be excluded *in limine*.

Dated: May 4, 2018.                                         Respectfully Submitted,

MASCHOFF BRENNAN                                  KIRTON MCCONKIE

By:  */s/ Jared J. Braithwaite*                 By:  */s/ James T. Burton*
_____                    _____
      Kirk R. Harris                                              Cameron M. Hancock
      Jared J. Braithwaite                                   James T. Burton
      Daniel R. Barber                                        Joshua S. Rupp
      Attorneys for Defendants                         Brian D. Tucker
      TECHIT, LLC and Thomas Wood            Attorneys for Defendant
      *(Signed by filing attorney with*             EZ LYNK, SEZC
      *permission)*


      CLARKSON & ASSOCIATES                    DEISS LAW

By:  */s/ Matthew D. Spring*                     By:  */s/ Wesley D. Felix*
_____                    _____
      Barry E. Clarkson                                     Wesley D. Felix
      Matthew D. Spring                                    Attorneys for Defendant
      R. Rowland Graff                                       Lance Hunter
      Attorneys for Defendant                          *(Signed by filing attorney with*
      H&S PERFORMANCE LLC                        *permission)*
      *(Signed by filing attorney with*
      *permission)*

---

[58] *See* Facts, *supra*, at ¶¶ 19-20.

4849-5660-8612

SCHULTZ & ASSOCIATES                          RAY QUINNEY & NEBEKER

By: */s/ George R. Shultz*_____        By: */s/ Arthur B. Berger*_____
    George R. Shultz                            Arthur B. Berger
    Nicole Risher Marsh                         Samuel C. Straight
    &                                           Michael K. Erickson
    DURHAM JONES PINEGAR                         Adam K. Richards
    Jordan K. Cameron                           Attorneys for Defendant POWER
    Attorneys for Defendant                     PERFORMANCE ENTERPRISES, LLC
    GDP TUNING, LLC                             *(Signed by filing attorney with*
    *(Signed by filing attorney with*           *permission)*
    *permission)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of May, 2018, I caused a copy of the foregoing to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

<i>/s/ Cameron M. Hancock</i>  

13