CAMERON M. HANCOCK (5398)
chancock@kmclaw.com
JAMES T. BURTON (11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (12647)
*jrupp@kmclaw.com*
**KIRTON │ McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Counsel for EZ LYNK SEZC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DERIVE POWER, LLC, *et al.*, <br><br> Plaintiffs and Counterclaim defendants, <br><br> v. <br><br> EZ LYNK, SEZC, *et al.*, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 2:16-cv-01066-BSJ <br><br> **DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE AND TESTIMONY CONCERNING, RELATED TO, OR OBTAINED FROM PLAINTIFFS' TESTING OF AUTO AGENT DEVICES** <br><br> REDACTED VERSION <br><br> Honorable Judge Bruce S. Jenkins |

All Defendants hereby move to exclude all evidence regarding Plaintiff Derive Power, LLC and Derive Systems, Inc.'s (collectively, "Derive") testing of Auto Agent devices.

**INTRODUCTION AND PRECISE RELIEF SOUGHT**

Derive's disregard for its obligations to preserve relevant evidence has deprived the Court of the evidence necessary to reach an informed and fair judgment on the merits. This case stems from, *inter alia*, Derive's allegations that its testing produced evidence demonstrating that

Defendants stole Derive's code. However, Derive has failed to preserve the equipment and "tune" files that were used to generate this very evidence. Derive's failure to preserve this critical evidence has thwarted Defendants' investigation into the propriety of Derive's testing methodology, thereby prejudicing Defendants' defense. Accordingly, Derive's testing of the Auto Agent devices should be excluded.

## STATEMENT OF RELEVANT FACTS

### A. The Auto Agent Is an Innovative Device That Allows Auto Enthusiasts to Transmit "Tunes" Developed By Third-Parties to Improve Their Vehicle's Performance

1. The Auto Agent is a type of conduit or router that allows auto technicians located anywhere in the world to wirelessly connect to the computer equipment located on a vehicle. The Auto Agent enables third-party calibrations or tunes ("tunes") to be transmitted to a vehicle's onboard computer via the Auto Agent router to modify the vehicle's performance settings.

2. The Auto Agent does not include tunes that are stored on the Auto Agent.[1] Moreover, while the Auto Agent allows for the transmission of tunes, the tunes themselves are created by third parties, including, automobile manufacturers such as Ford or GM. These tunes are transmitted through the Auto Agent via a download from the internet/cloud from a cellphone.

### B. Prior to Filing Suit, Derive Acquired and Tested an Auto Agent Device

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, attached hereto as **Exhibit "A"**.
[2] Dep. Scott Barbour, dated April 24, 2018, excerpts attached hereto as **Exhibit "B"** at 74:7-9 ▮▮▮▮▮▮
[3] *See* Plaintiffs Responses to EZ Lynk, SECZ's Third Set of Requests for Production and Interrogatories, attached hereto as **Exhibit "C"** at 11. *C.f.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[redacted]

[redacted]

[redacted]

### *C. Derive Has Relied Heavily on the Information Generated from Testing the Auto Agent*

---

[redacted], attached hereto as **Exhibit "D"** [redacted]

[4] [redacted], attached hereto as **Exhibit "E".**

[5] *See* Ex. E.

[6] *See* Ex. E.

[7] *See* Ex. E.

[8] *See* Ex. E.

[9] *See* Ex. E.

[10] *See* Ex. E.

7. ██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████ This information was obtained from the tune that is transmitted from the cellphone through the Auto Agent and then to the truck's ECM. The CAN bus intercepts and reads the information transmitted between the Auto Agent and the truck's ECM.

████████████████████████████████████████████████████

████████████████████████

9. On October 18, 2016, Derive filed its Complaint and a motion seeking a temporary restraining order and a preliminary injunction (the "TRO Motion").[14] Verbatim copies of the results from ███████████ testing were used as evidence to support the Complaint and the First Declaration of Mr. Thawley in support of the TRO Motion.[15]

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

---

[11] *See* Ex. E. *See also* ████████████████████████████████████████████, attached hereto as **Exhibit "F"**. *See also* Note 3, *supra*.
[12] *See* Ex. F.
[13] *See* ████████████████████████████████████████████████████, attached hereto as **Exhibit "G".**
[14] *See* docket nos. 2 & 4.
[15] *See* docket nos. 2-5, 2-6, 4-4 & 4-5.
[16] Dep. Brent Chroninger, dated Apr. 27, 2018, excerpts attached as **Exhibit "H"** at 12:15–21.
[17] *See* ████████████████████████████████████████████████, attached hereto as **Exhibit "I".**

███████████████████████████████████████

███████████████████████████████████████

***D. Derive Has Failed to Preserve the Tunes and Equipment Used***

███ ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

14.     To investigate Derive's testing, including which tunes were used, EZ Lynk (and other defendants) propounded numerous discovery requests,[21] filed a motion to compel the inspection of Derive's Auto Agents,[22] and obtained an Order from this Court requiring Derive to:

> [B]ring and have available at the Idaho deposition of Mr. Chroninger all of the portable devices and connectors and access to the Cloud devices with regard to Derive's testing of its Auto Agent devices in its possession, custody, and control. This includes, without limitation, all Auto Agent devices tested and the equipment used in the testing to the extent it is portable (such as the Bench ECU, Can Bus Analyzer, cell phones, and any other equipment. . .).[23]

███ Despite the Court Order, Derive was unable to provide at Mr. Chroninger's deposition a number of critical materials used to test the Auto Agent. ██████████████

███████████████████████████████████████

███████████████████████████████████████

---

[18] *See* Dep. Victor Diaz, dated April 11, 2018, excerpts attached hereto as **Exhibit "J"** at 18:10–20:23; Dep. Jared Falter, dated April 11, 2018, excerpts attached hereto as **Exhibit "K"** at 30:5–31:14.
[19] *See* ████████████████████████████████████████ ██████, attached hereto as **Exhibit "L"**.
[20] Ex. H at 28:16–18; Dep. David Thawley, dated Apr. 16, 2018, excerpts attached hereto as **Exhibit "M"** at 115:13 –116:19.
[21] *See, e.g.*, Ex. C.
[22] *See* docket no. 248.
[23] Docket no. 268 at 2.



---

[24] *See* Ex. H at 58:14–59:17 ███████████ 122:9–12 ███ 138:25–139:18 ███████ 142:16–18 ███████████ 142:22–25 ███████ 143:2–7 ██████████████ 143:8-12 ██

[25] *See* Ex. H at 52:4–53:17 & Ex. 6.
[26] *See* Ex. H at 60:5–10.
[27] *See* Ex. H at 33:2–11. ████████████████████████████████████████
████████████████████████████ *See* Ex. H at 62:16–21.
[28] Ex. M at 58:9–60:9.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## ARGUMENT

### I. EVIDENCE OF AUTO AGENT TESTING BY DERIVE SHOULD BE EXCLUDED

The Court has the inherent authority to sanction a party for the spoliation of evidence – "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[30] "A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."[31] This Court should preclude Derive from offering any evidence obtained during its pre-filing testing and subsequent testing of Auto Agent Devices because (a) Derive failed to preserve evidence, (b) Derive's failure is highly prejudicial to Defendants, and (c) a lesser sanction is inappropriate and inadequate at this juncture.

#### A. *The Record Clearly Demonstrates that Derive Knowingly Failed to Preserve Evidence*

Derive's failure to preserve the equipment and tunes used during its testing of the Auto Agent devices is a clear attempt to deprive the Court of the information necessary to arrive at an informed and fair judgment on the merits.[32] From the outset, Derive was aware that its testing of the Auto Agents would either confirm or refute its suspicions that Defendants were utilizing its code and could be used as part of potential litigation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[29] Ex. M at 59:16–60:6.
[30] *Asher Assocs. v. Baker Hughes Oilfield Operations,* No. 07–cv–01379, 2009 WL 1328483, at *5 (D.Colo. May 12, 2009) (quoting *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir.1999)).
[31] *Burlington N. & Santa Fe Ry. v. Grant*, 505 F.3d 1013, 1032 (10th Cir.2007).
[32] *Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.,* 621 F.Supp.2d 1173, 1193 (D.Utah 2009) (noting bad faith or culpability, "may not mean evil intent, but may simply signify responsibility and control"); *Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1203 (D. Utah 2011)(explaining that "the failure to collect either paper or electronic records from key players, the destruction of email, or the destruction of backup tapes was grossly negligent or willful behavior.").

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████
████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████████ It is clear that Derive knew of the importance of the testing equipment and its potential use in this litigation, but intentionally failed to properly preserve it.

### B. *Derive's Spoliation Has Interfered with the Judicial Process and Irreparably Prejudiced Defendants*

Derive's failure to preserve the evidence concerning its testing of the Auto Agent devices has interfered with the judicial process and has thwarted Defendants' diligent efforts to conduct

---

[33] Derive's failure to produce evidence would also warrant exclusion under Rule 37(c). FED. R. CIV. P. 37(c).

comprehensive fact and expert discovery concerning Derive's allegations. Simply put, Derive is continuing to rely on the results of ███████ testing to support its claims, but has lost or concealed the equipment necessary to recreate the testing and the electronic tunes that supposedly created the results. This has put Defendants and the Court in the unenviable position of being forced to simply accept the results of ███████ testing because there is no way to verify or challenge the methodology he used to create the evidence. This amounts to the type of litigation-by-ambush prohibited under the Federal Rules of Civil Procedure.[34]

Further compounding the prejudice to Defendants, ███████ testing is not an insignificant issue that has little bearing on the resolution of the case, but rather, ███ ███████ testing forms the foundation of Derive's claims and basis for filing its Complaint. Indeed, the specific tune used by ███████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████ For all we know, Derive used one of its own tunes and then remarkably the test results showed similar binary files. Accordingly, Defendants' ability to fully prepare this case for trial with all relevant information and confirm the validity of ███████ test results has been permanently damaged and lost.

To this end, it would be patently prejudicial to allow Derive to proffer any evidence, testimony, or arguments concerning, related to, or obtained from ███████████ ███ testing given Derive's spoliation of the equipment and files used to generate the results.

---

[34] *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1130 (10th Cir. 2011); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).
[35] Ex. A.

Allowing such an ambush contravenes the requirements of Rules 26 and 37, and would effectively provide Derive with a tactical advantage as a reward for its failure to preserve, or worse, its intentional failure to preserve and concealment of critical evidence. Absent a preclusion sanction, Defendants will be incurably prejudiced by Derive's spoliation of evidence. Derive cannot be allowed to use evidence, the very foundations of which it has failed to preserve.

### C. A Preclusion Sanction Is Warranted and Not Greater Than Necessary

Finally, additional discovery will not cure Derive's spoliation of evidence and excluding all evidence or obtained from ▮▮▮▮ testing and subsequent testing results is "no greater than necessary to cure the prejudice" to Defendants. First, there is no "additional discovery" that can be ordered to correct Derive's failure to preserve the equipment and tunes that it utilized to generate ▮▮▮▮ results. Defendants have already propounded numerous discovery requests addressing Derive's testing, deposed the key individuals with personal knowledge of the testing, inspected the Auto Agent devices and equipment in Derive's possession, and received an Order from this Court requiring Derive to provide all portable devices and cables. For its part, Derive failed to ▮▮▮▮

▮▮▮▮ As a result, replicating ▮▮▮▮ test is impossible. Accordingly, additional discovery efforts will not elucidate the inputs required to verify ▮▮▮▮ testing and ▮▮ ▮▮ testing as the testing cannot be replicated.

Second, any lesser sanction would not be effective. In particular, without the necessary equipment and tunes that were used to recreate the testing environment, it is impossible for

9

Defendants to challenge or verify the results generated from ▬▬▬▬ and ▬▬▬▬ testing. Indeed, a lesser sanction would not sufficiently punish Derive, cure the prejudice suffered by Defendants, or deter other litigants tempted to engage in similar spoliation of evidence. For example, a monetary sanction alone will not place Defendants in the same position as if the destruction of evidence had not taken place and will not restore the integrity of the judicial system. Accordingly, preclusion is justified because no less restrictive or realistic alternative adequately remedies Derive's spoliation of evidence.

## II. Attorneys' Fees and Costs Should be Awarded for Discovery Efforts on Derive's Testing of the Auto Agent Devices

Derive clearly failed to maintain evidence critical to this matter. Moreover, Defendants incurred significant expenses in conducting discovery related to Derive's testing of the Auto Agents, including written discovery, motion practice, and multiple depositions in locations throughout the United States. The result of such discovery was learning that Derive had failed to preserve evidence related to testing of the Auto Agent. As such, Defendants request an award of all fees and costs related to discovery efforts undertaken related to Derive's testing of the Auto Agent device.

## CONCLUSION

For all of the foregoing reasons, all evidence concerning, related to, or obtained from  ▬▬▬▬ and ▬▬▬▬ testing should be excluded *in limine*.

| | |
|---|---|
| Dated: May 4, 2018. | RESPECTFULLY SUBMITTED, |
| KIRTON MCCONKIE | MASCHOFF BRENNAN |
| By: */s/ James T. Burton* | By: */s/ Jared J. Braithwaite* |
| Cameron M. Hancock<br>James T. Burton<br>Joshua S. Rupp<br>Attorneys for Defendant<br>EZ LYNK, SEZC | Kirk R. Harris<br>Jared J. Braithwaite<br>Daniel R. Barber<br>Attorneys for Defendants<br>TECHIT, LLC and Thomas Wood<br>(SIGNED BY FILING ATTORNEY WITH PERMISSION) |
| CLARKSON & ASSOCIATES | DEISS LAW |
| By: */s/ Matthew D. Spring* | By: */s/ Wesley D. Felix* |
| Barry E. Clarkson<br>Matthew D. Spring<br>R. Rowland Graff<br>Attorneys for Defendant<br>H&S PERFORMANCE LLC<br>(SIGNED BY FILING ATTORNEY WITH PERMISSION) | Wesley D. Felix<br>Attorneys for Defendant<br>Lance Hunter<br>(SIGNED BY FILING ATTORNEY WITH PERMISSION) |
| SCHULTZ & ASSOCIATES | RAY QUINNEY & NEBEKER |
| By: */s/ George R. Schultz* | By: */s/ Arthur B. Berger* |
| George R. Shultz<br>Nicole Risher Marsh<br>&<br>DURHAM JONES PINEGAR<br>Jordan K. Cameron<br>Attorneys for Defendant<br>GDP TUNING, LLC<br>(SIGNED BY FILING ATTORNEY WITH PERMISSION) | Arthur B. Berger<br>Samuel C. Straight<br>Michael K. Erickson<br>Adam K. Richards<br>Attorneys for Defendant<br>POWER PERFORMANCE ENTERPRISES, LLC<br>(SIGNED BY FILING ATTORNEY WITH PERMISSION) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2018, I caused a copy of the foregoing to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

/s/ James T. Burton