Kirk R. Harris (Bar No. 10221)
 *kharris@mabr.com*
Jared J. Braithwaite (Bar No. 12455)
 *jbraithwaite@mabr.com*
Daniel R. Barber (Bar No. 15993)
 *dbarber@mabr.com*
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(435) 252-1360

Attorneys for Defendants TECHIT, LLC and Thomas Wood

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DERIVE POWER, LLC**; and **DERIVE SYSTEMS, INC.**; <br><br> Plaintiffs <br><br> v. <br><br> **EZ LYNK, SEZC**; <br> **H&S PERFORMANCE LLC**; <br> **THOMAS WOOD**; <br> **LANCE HUNTER**; <br> **TECHIT, LLC**; <br> **GDP TUNING, LLC**; and <br> **POWER PERFORMANCE ENTERPRISES, INC.**; <br><br> Defendants. | Case No. 2:16-cv-01066-BSJ <br><br> **MOTION *IN LIMINE* TO PRECLUDE ALLEGED EPA VIOLATIONS** <br><br> District Judge Bruce S. Jenkins |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................iii

MOTION...............................................................................................................................1

MEMORANDUM IN SUPPORT OF MOTION ...................................................................3

I.      INTRODUCTION ....................................................................................................3

II.     BACKGROUND .......................................................................................................3

III.    ARGUMENT .............................................................................................................6

        A.   Evidence of EPA violations are irrelevant to the claims asserted against
             Defendants. ....................................................................................................6

        B.   Even if relevant, evidence of EPA violations should be excluded pursuant to
             Rule 403. ........................................................................................................7

             1.   Presentation of evidence or arguments that Defendants engaged in EPA
                  violations would be unfairly prejudicial, as it suggests that Defendants
                  have committed illegal conduct without any due process of law.........................7

             2.   Presentation of evidence related to alleged EPA violations would
                  confuse the issues, mislead the jury, and waste substantial time which
                  should be devoted to addressing the actual merits of Derive's claims. ...............8

        C.   Alleged EPA violations would constitute prior bad acts evidence that is
             inadmissible under Rule 404, and it could not serve as impeachment evidence
             under Rule 609. ..............................................................................................9

IV.     CONCLUSION ........................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Junk v. Terminix Intern. Co., Ltd.*,
2008 WL 5142188, No. 4:05-CV-0608-JAJ (S.D. Iowa, Aug. 15, 2008) ......................... 7, 8, 9

**Statutes**

42 U.S.C. §§ 7521–7554 ...................................................................................................... 3

**Rules**

Federal Rule of Evidence 401 ........................................................................................... 6, 9

Federal Rule of Evidence 402 ........................................................................................ 1, 3, 6

Federal Rule of Evidence 403 ........................................................................................ 1, 3, 7

Federal Rule of Evidence 404 ........................................................................................... 1, 9

Federal Rule of Evidence 609 ...................................................................................... 1, 3, 10

## MOTION

From the beginning of this case, in its Complaint, Derive has tried to foment prejudice against the Defendants by alleging that they are violating the Clean Air Act, and regulations promulgated by the Environmental Protection Agency ("EPA") thereunder. But this is not a Clean Air Act case. Derive's allegations are irrelevant to the claims and defenses in the case and are merely presented to incite prejudice against Defendants.

Accordingly, under Federal Rules of Evidence 402–404 and 609, Defendants EZ Lynk, SEZC ("EZ Lynk"); H&S Performance LLC ("H&S"); Thomas Wood ("Wood"); Lance Hunter ("Hunter"); TechIT, LLC ("TechIT"); GDP Tuning, LLC ("GDP"); and Power Performance Enterprises, Inc. ("PPEI") (collectively, "Defendants") respectfully move the Court for an order precluding Plaintiffs Derive Power, LLC and Derive Systems, Inc. (collectively "Derive") from presenting evidence relating to any alleged violations of the Clean Air Act or regulations that the EPA has promulgated thereunder.

This motion is based upon: this motion and supporting memorandum, the pleadings and papers on file in the action, those matters of which the Court may properly take judicial notice, and such other evidence presented to the Court for determination of the motion.

Dated: May 4, 2018.                                    Respectfully Submitted,

MASCHOFF BRENNAN                                       KIRTON MCCONKIE

By:  /s/ Jared J. Braithwaite                          By:  /s/ James T. Burton
     Kirk R. Harris                                         Cameron M. Hancock
     Jared J. Braithwaite                                  James T. Burton
     Daniel R. Barber                                      Joshua S. Rupp
     Attorneys for Defendants                              Attorneys for Defendant
     TECHIT, LLC and Thomas Wood                           EZ LYNK, SEZC
                                                           *(Signed by filing attorney with
                                                           permission)*


CLARKSON & ASSOCIATES                                 DEISS LAW

By:  /s/ Matthew D. Spring                             By:  /s/ Wesley D. Felix
     Barry E. Clarkson                                     Wesley D. Felix
     Matthew D. Spring                                     Attorneys for Defendant
     R. Rowland Graff                                      Lance Hunter
     Attorneys for Defendant                               *(Signed by filing attorney with
     H&S PERFORMANCE LLC                                   permission)*
     *(Signed by filing attorney with
     permission)*


SCHULTZ & ASSOCIATES                                  RAY QUINNEY & NEBEKER

By:  /s/ George R. Schultz                             By:  /s/ Arthur B. Berger
     George R. Shultz                                      Arthur B. Berger
     Nicole Risher Marsh                                   Samuel C. Straight
     &                                                     Michael K. Erickson
     DURHAM JONES PINEGAR                                  Adam K. Richards
     Jordan K. Cameron                                     Attorneys for Defendant POWER
     Attorneys for Defendant                               PERFORMANCE ENTERPRISES, LLC
     GDP TUNING, LLC                                       *(Signed by filing attorney with
     *(Signed by filing attorney with                      permission)*
     permission)*

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

Throughout this case, Derive has consistently and baselessly accused Defendants of violating the Clean Air Act through the manufacture and sale of "defeat devices."[1] Based on Derive's actions, Defendants believe that Derive intends to introduce these allegations at trial, despite having no relevance to the claims or defenses actually at issue. Accordingly, Defendants respectfully move the Court to prohibit Derive from presenting evidence relating to any alleged violations of the Clean Air Act, 42 U.S.C. §§ 7521–7554, and the regulations promulgated thereunder by the EPA (collectively, "EPA violations").

This evidence should be excluded because it is wholly irrelevant to the claims or defenses asserted, and therefore not admissible pursuant to Federal Rule of Evidence ("Rule") 402. Even if the evidence is determined relevant, it should be excluded pursuant to Rule 403, because its probative value, assuming it has any, is substantially outweighed by the danger of unfairly prejudicing Defendants, confusing the issues, misleading the jury and unnecessarily wasting time. Finally, such evidence of prior bad acts would be subject to exclusion under Rule 404, and not admissible as impeachment evidence under Rule 609.

### II.   BACKGROUND

At the heart of this case are devices which, at a high level, allow vehicle owners to modify the stock software on their vehicles to change operating parameters of their vehicles. As an example, these devices may allow a vehicle owner to alter certain software settings of their

---

[1] First Amended Complaint at para. 34, 66, ECF No. 93; Declaration of David Thawley in Support of Plaintiffs' Motion for Temporary [sic] restraining Order and Preliminary Injunction at para. 5, 9, 34, ECF No. 4.

vehicle, which in turn modifies how the vehicle accelerates or shifts between gears. These modifications to vehicle software settings are often referred to as "tunes" or "calibrations."

*Defendant H&S*: As part of its business, Derive's predecessor, Bully Dog Technologies ("Bully Dog"), entered into an agreement with H&S for the sale of private-label vehicle-modification devices (i.e. devices designed and manufactured by Bully Dog, but distributed with H&S branding). The private-label H&S devices came with pre-loaded vehicle calibrations created by H&S. At one point, the EPA instituted an investigation against H&S for possible violations of the Clean Air Act. Thereafter, Derive abandoned H&S and H&S wrapped-up its business operations. H&S ultimately entered into a consent agreement with the EPA, in which H&S neither admitted nor denied the EPA's allegations. None of the other Defendants had any involvement in the EPA's investigation of H&S, or any other EPA investigation.

*Defendant Wood*: Bully Dog employed Wood to help develop *firmware* for these private-label H&S devices. ("Firmware" is software permanently installed on the private-label devices, to control the operation of the underlying computer hardware.) Wood's employment duties for Bully Dog *did not* include the development of tunes or calibrations for Bully Dog or H&S.

*Defendant TechIT*: In 2014, Bully Dog entered into a private-label agreement with Red Deer Exhaust, a third party, for the distribution of programmer devices which were to be branded as "Apex". With the knowledge and support of the former owners of Bully Dog, Wood formed TechIT in 2014, with the intention of providing technical support services to the customers of Red Deer Exhaust who had purchased the Apex device. Not long after this, Wood stopped working for Bully Dog and continued to operate TechIT in order to provide technical-support services for Red Deer Exhaust and other third parties.

*Defendant Hunter*: After Derive acquired Bully Dog, Hunter terminated his employment with Derive due to problems as a result of the acquisition, among other reasons. Hunter then started a business called Inconceivable Ideas that has performed contract technical-support work for TechIT.

*Defendant EZ Lynk*: In mid-2016, EZ Lynk released the Auto Agent, which unlike performance programmer devices does not come pre-loaded with tunes or calibrations because EZ Lynk does not create any tunes or calibrations. Rather the EZ Lynk Auto Agent serves as a vehicle interface, which allows users to read additional information output by their vehicle's engine and allows a vehicle technician to deliver tunes or calibrations to a vehicle over the Internet. Technicians may be car manufacturers that deliver updated vehicle engine software or custom engine programmers that modify original engine programming for various purposes such improved gas mileage, improved engine power, or improved towing capability. Around the release of the EZ Lynk Auto Agent, TechIT also began providing technical-support services for the Auto Agent.

*Derive's inappropriate allegations of EPA-violations*: Shortly after the launch of the EZ Lynk Auto Agent, Derive initiated suit against the collective Defendants. And as part of its Complaint and motion for preliminary injunction, Derive repeatedly claimed that the Defendants were engaged in EPA violations through the sale of the EZ Lynk Auto Agent.[2] Derive's EPA allegations had no relevance to the preliminary injunction that it sought and served only as an attempt to prejudice the Defendants at that stage. While Derive's motion for preliminary

---

[2] First Amended Complaint at para. 34, 66, ECF No. 93; Declaration of David Thawley in Support of Plaintiffs' Motion for Temporaty [sic] restraining Order and Preliminary Injunction at para. 5, 9, 34, ECF No. 4.

injunction was denied, Defendants anticipate that Derive will again accuse the Defendants of EPA violations at trial, despite those allegations having no relevance to Derive's claims. Accordingly, Defendants seek exclusion of Derive's irrelevant and prejudicial EPA allegations.

## III.   ARGUMENT

There has never been an administrative or judicial finding that any of the Defendants committed any EPA violations. But if the past is a prologue then Derive will seek to argue or offer evidence at trial that Defendants have engaged in EPA violations. However, these allegations have absolutely no relevance to the parties' claims or defenses *in this case*, and any evidence relating to purported EPA violations on behalf of Defendants is inadmissible under the Federal Rules of Evidence.

Even if relevant, purported EPA violations should be excluded because any probative value of such evidence is greatly outweighed by the danger of prejudice to the Defendants, confusion of the actual issues and the jury, and being an unnecessary waste of time. Finally, any evidence relating to purported EPA violations should also be excluded as impermissible character evidence and improper impeachment evidence.

### A.   Evidence of EPA violations are irrelevant to the claims asserted against Defendants.

The test for relevance is whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Derive asserts 13 claims against the Defendants: copyright infringement, federal and state misappropriation of trade secrets, unfair competition, fraud, breach of contract (three counts), breach of duty of loyalty, tortious interference with contract, conspiracy, and unjust enrichment.

Whether or not Defendants committed any EPA violations has no bearing on any of those claims because not one of these claims has any elements that would be established through evidence of an EPA violation. Therefore any evidence or argument related to EPA violations is irrelevant and inadmissible.

**B.    Even if relevant, evidence of EPA violations should be excluded pursuant to Rule 403.**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. If the court determines that evidence related to alleged EPA violations are relevant to any of Derive's claims asserted against Defendants, the Court should nevertheless exclude such evidence because any such marginal relevance would be substantially outweighed by the danger of substantially prejudicing the Defendants, confusing the issues, misleading the jury, and wasting time. *See Junk v. Terminix Intern. Co., Ltd.*, 2008 WL 5142188, No. 4:05-CV-0608-JAJ (S.D. Iowa, Aug. 15, 2008).

**1.    Presentation of evidence or arguments that Defendants engaged in EPA violations would be unfairly prejudicial, as it suggests that Defendants have committed illegal conduct without any due process of law.**

To be unfairly prejudicial, evidence must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note to the 1975 proposed rules. The purpose of any evidence or argument relating to EPA violations in this case would be to portray Defendants as rapacious criminals who make their living by destroying the air we all breathe—and thus as people who (1) are likely to have committed the other wrongs Derive accuses them of and (2) deserve punishment, regardless

of whether Derive has proven the elements of its actual claims. Either way, the tendency would be to encourage a verdict based on something other than the elements of the claims asserted. This would be highly prejudicial and inappropriate. And, while H&S was accused of such violations, H&S entered into a consent agreement with the EPA without admitting alleged violations and thereafter wrapped up its business.

Allowing introduction of Derive's unfounded allegations of EPA violations will only encourage a decision on an improper basis, namely, to encourage a decision that is motivated by a desire to punish Defendants for alleged—yet unfounded—EPA violations when no such allegations are actually at issue in this case. As such, evidence of alleged EPA violations should be excluded.

### 2. Presentation of evidence related to alleged EPA violations would confuse the issues, mislead the jury, and waste substantial time which should be devoted to addressing the actual merits of Derive's claims.

Alleged EPA violations would only mislead and confuse the jury into believing that this information is somehow pertinent and should be given "disparate weight" because it emanates from a federal government agency. *Junk*, 2008 WL 5142188 at *6 ("the EPA Memorandum of Agreement carries disparate weight in the minds of the jurors") (citing *City of New York v. Pullman, Inc.*, 662 F.2d 910, 915 (2d Cir. 1981) (finding report of Urban Mass Transit Administration would confuse the jury because it "would have been presented to the jury in an aura of special reliability and trustworthiness which would not have been commensurate with its actual reliability.")). Thus, these allegations would also confuse the jury into deciding the issues on irrelevant evidence that should have no bearing on the claims. The Court should not allow this improper evidence to distract from Derive's actual claims.

Finally, the Court should not waste its time with presentation of alleged EPA violations when there is no real applicability of such allegations to this case. Derive Complaint includes 13 counts variously asserted against 7 Defendants for a total of 51 claims against Defendants. The amount of time necessary for Derive to present evidence for these claims will already place an enormous burden on this Court and the parties. The Court should not permit Derive to waste time and resources presenting irrelevant and prejudicial evidence of purported EPA violations, instead of evidence that would actually relate to its claims against the Defendants—if any such evidence exists. *Junk*, 2008 WL 5142188 at *4.

### C.   Alleged EPA violations would constitute prior bad acts evidence that is inadmissible under Rule 404, and it could not serve as impeachment evidence under Rule 609.

Evidence of prior bad acts is generally inadmissible under Rule 404(b)(1),[3] subject only to limited exceptions under Rule 404(b)(2).[4] Because none of the exceptions apply, the rule against prior-bad-acts evidence bars Derive from attempting to offer evidence of prior EPA violations.

Nor would evidence of prior EPA violations be admissible to attack the Defendants' credibility. A party may only attack a witness's character for truthfulness with evidence of a criminal conviction only if the witness was convicted of a felony or the witness was convicted of a crime that requires, as an element of the crime, proving a dishonest act or false statement in trial or by admission. Fed. R. Evid. 609(a). None of the Defendants has been convicted of any EPA violations, let alone a *felony* EPA violation; and EPA violations do not generally involve

---

[3] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

[4] "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

dishonest acts or false statement. Accordingly, any alleged EPA violations by Defendants cannot serve as impeachment evidence under Rule 609.

## IV.   CONCLUSION

Defendants respectfully move the Court to prohibit Derive from presenting arguments or evidence relating to any alleged EPA violations. Any alleged violations run afoul of Rules 402–404 and 609. Accordingly, Defendants request that this Court enter an order prohibiting Derive from presenting any evidence or allegations of any purported EPA violations.

Dated: May 4, 2018.                                     Respectfully Submitted,

MASCHOFF BRENNAN                          KIRTON MCCONKIE

By:  /s/ Jared J. Braithwaite                    By:  /s/ James T. Burton
      Kirk R. Harris                                      Cameron M. Hancock
      Jared J. Braithwaite                           James T. Burton
      Daniel R. Barber                                  Joshua S. Rupp
      Attorneys for Defendants                     Attorneys for Defendant
      TECHIT, LLC and Thomas Wood          EZ LYNK, SEZC
                                                                *(Signed by filing attorney with permission)*

CLARKSON & ASSOCIATES                       DEISS LAW

By:  /s/ Matthew D. Spring                     By:  /s/ Wesley D. Felix
      Barry E. Clarkson                               Wesley D. Felix
      Matthew D. Spring                             Attorneys for Defendant
      R. Rowland Graff                               Lance Hunter
      Attorneys for Defendant                       *(Signed by filing attorney with permission)*
      H&S PERFORMANCE LLC
      *(Signed by filing attorney with permission)*

SCHULTZ & ASSOCIATES

RAY QUINNEY & NEBEKER

By: /s/ George R. Shultz

George R. Shultz
Nicole Risher Marsh
&
DURHAM JONES PINEGAR
Jordan K. Cameron
Attorneys for Defendant
GDP TUNING, LLC
*(Signed by filing attorney with permission)*

By: /s/ Arthur B. Berger

Arthur B. Berger
Samuel C. Straight
Michael K. Erickson
Adam K. Richards
Attorneys for Defendant POWER
PERFORMANCE ENTERPRISES, LLC
*(Signed by filing attorney with permission)*