Kirk R. Harris (Bar No. 10221)
  *kharris@mabr.com*
Jared J. Braithwaite (Bar No. 12455)
  *jbraithwaite@mabr.com*
Daniel R. Barber (Bar No. 15993)
  *dbarber@mabr.com*
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(435) 252-1360

Attorneys for Defendants TECHIT, LLC and Thomas Wood

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DERIVE POWER, LLC**; and **DERIVE SYSTEMS, INC.**; <br><br> Plaintiffs, <br><br> v. <br><br> **EZ LYNK, SEZC**; <br> **H&S PERFORMANCE LLC**; <br> **THOMAS WOOD**; <br> **LANCE HUNTER**; <br> **TECHIT, LLC**; <br> **GDP TUNING, LLC**; and <br> **POWER PERFORMANCE ENTERPRISES, INC.**; <br><br> Defendants. | Case No. 2:16-cv-01066-BSJ <br><br> **MOTION TO BIFURCATE TRIAL OF EQUITABLE DAMAGES REMEDY** <br><br> District Judge Bruce S. Jenkins |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................... iii

MOTION.................................................................................................................................. 1

MEMORANDUM IN SUPPORT OF MOTION................................................................... 3

I.      INTRODUCTION ........................................................................................................ 3

II.     ARGUMENT ................................................................................................................. 5

III.    CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Apple Computer, Inc. v. Microsoft Corp.*,
   821 F. Supp. 616 (N.D. Cal. 1993) ........................................................................ 6

*Danjaq LLC v. Sony Corp.*,
   263 F.3d 942 (9th Cir. 2001) .................................................................................. 5

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
   890 F.2d 165 (9th Cir. 1989) .................................................................................. 6

*Feltner v. Columbia Pictures TV, Inc.*,
   523 U.S. 340 (1998) ................................................................................................ 5

*Fifty-Six Hope Road Music v. Avela, Inc.*,
   778 F.3d 1059 (9th Cir. 2015) ............................................................................ 5, 6

*Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*,
   757 F. Supp. 2d 431 (D. Del. 2010) ....................................................................... 7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   -- U.S. --, 134 S. Ct. 1962 (2014) .......................................................................... 5

*S.E.C. v. Maxxon, Inc.*,
   465 F.3d 1174 (10th Cir. 2006) .............................................................................. 5

*Texas Advanced Optoelectronic Solns., Inc. v. Renesas Elecs. Am., Inc.*,
   -- F.3d --, 2018 WL 2011463 (Fed. Cir. May 1, 2018) .......................................... 5

*TruGreen Cos., LLC v. Mower Bros., Inc.*,
   199 P.3d 929, 931–35 (Utah 2008) ........................................................................ 3

*Tull v. United States*,
   481 U.S. 412 (1987) ................................................................................................ 5

*White Chem. Corp. v. Walsh Chem. Corp.*,
   116 F.R.D. 580 (W.D.N.C. 1987) ........................................................................... 7

**Rules**

Federal Rule of Civil Procedure 39 ............................................................................ 6

Federal Rule of Civil Procedure 42 ........................................................................ 5, 6

**MOTION**

Derive's First Amended Complaint alleges 13 separate counts, some legal (e.g., Count VIII, for breach of contract) and others equitable (e.g., Count XIII, for unjust enrichment). The prayer for relief correspondingly requests both "full compensatory and consequential damages" and "such other and further relief as the Court may deem just and proper."

But during discovery, ███████████████████████████████████ ████████████████████ which are legal remedies, and narrowed its damages theory to ████████████████████ which is an equitable remedy. Thus, Derive's damages case, instead of presenting a mix of legal and equitable issues, is now strictly equitable.

Derive has no right, and the Defendants object, to jury trial of Derive's equitable damages case. By this Motion, the Defendants ask the Court to bifurcate damages into a separate bench trial to be held, if necessary (i.e., if the jury finds liability on a claim for which disgorgement is an available remedy[1]), after the jury trial of legal liability issues.

This Motion is based on the supporting memorandum herein, the pleadings and papers on file in the action, those matters of which the Court may properly take judicial notice, and such other evidence as has been or may be presented to the Court for determination of the Motion.

---

[1] As shown below, precedent and pleading failures bar Derive from seeking disgorgement based on any but a few of its claims.

1

Dated: May 4, 2018.                         Respectfully Submitted,

MASCHOFF BRENNAN                            KIRTON MCCONKIE

By:  /s/ Jared J. Braithwaite          By:  /s/ James T. Burton
     Kirk R. Harris                         Cameron M. Hancock
     Jared J. Braithwaite                   James T. Burton
     Daniel R. Barber                       Joshua S. Rupp
     Attorneys for Defendants               Attorneys for Defendant
     TECHIT, LLC and Thomas Wood            EZ LYNK, SEZC
                                            *(Signed by filing attorney with
                                            permission)*


CLARKSON & ASSOCIATES                       DEISS LAW

By:  /s/ Matthew D. Spring              By:  /s/ Wesley D. Felix
     Barry E. Clarkson                      Wesley D. Felix
     Matthew D. Spring                      Attorneys for Defendant
     R. Rowland Graff                       Lance Hunter
     Attorneys for Defendant                *(Signed by filing attorney with
     H&S PERFORMANCE LLC                    permission)*
     *(Signed by filing attorney with
     permission)*


SCHULTZ & ASSOCIATES                        RAY QUINNEY & NEBEKER

By:  /s/ George R. Shultz              By:  /s/ Arthur B. Berger
     George R. Shultz                       Arthur B. Berger
     Nicole Risher Marsh                    Samuel C. Straight
     &                                      Michael K. Erickson
     DURHAM JONES PINEGAR                   Adam K. Richards
     Jordan K. Cameron                      Attorneys for Defendant POWER
     Attorneys for Defendant                PERFORMANCE ENTERPRISES, LLC
     GDP TUNING, LLC                        *(Signed by filing attorney with
     *(Signed by filing attorney with       permission)*
     permission)*

**MEMORANDUM IN SUPPORT OF MOTION**

## I.    INTRODUCTION

Derive's First Amended Complaint alleges a mix of 13 legal and equitable theories of

liability: copyright infringement, federal trade secret misappropriation, Utah trade secret

misappropriation, unfair competition (infringement of an unregistered trade dress) under the

Lanham Act, fraud, breach of contract (three counts), breach of duty of loyalty, tortious

interference with contract, civil conspiracy, common law unfair competition, and unjust

enrichment. But in discovery, Derive identified only a single measure of damages: ███████

███████ Specifically, Derive testified ████████████████████████████████████

████████████████████████████████ And Mr. Barnes confirmed, in deposition, that ████████

████████████████████████████████

Derive's election of remedies leaves it without recoverable damages on most of its claims.

First, ████████ simply is not an available remedy for many of Derive's claims, including the

breach of contract and tortious interference with contract claims that Derive has alleged as

Counts 6–8 and 10 of its First Amended Complaint.[2] And there are no damages for those claims

solely asserted against defendants Thomas Wood or H&S Performance LLC because ████████

████████████████████████████████[3] Second, Derive failed

to plead ████████ for most of its claims, both those for which ████████ is not an

available remedy at all and even some for which ████████ might have been available. The

---

[2] *See TruGreen Cos., LLC v. Mower Bros., Inc.*, 199 P.3d 929, 931–35 (Utah 2008).

[3] *See* Joint Motion for Partial Summary Judgment Regarding Damages, filed concurrently
herewith, at Undisputed Material Fact Nos. 25–26.

only claims for which Derive has pleaded a right to recover unjust enrichment or ▮▮▮▮▮▮▮▮

damages are Counts 2-4 and 13, for trade-secret misappropriation, unfair competition

(unregistered trade dress infringement) under the Lanham Act, and unjust enrichment.[4]

Derive's election of remedies leaves it with no recoverable damages on most of its

claims—and no damages theory whatsoever to take to the jury. ▮▮▮▮▮▮▮▮ is an equitable

remedy for which Derive has no right to a jury trial. Therefore, as shown below, the Court should

bifurcate damages (and unjust enrichment) for a separate bench trial—to be held only if and after

the jury returns a verdict of trade secret misappropriation or trade dress infringement.

---

[4] *See* First Amended Complaint, Docket No. 93, ¶¶ 91, 104, 111, 160.

## II.   ARGUMENT

Federal Rule of Civil Procedure ("Rule") 42(b) authorizes the Court to "order a separate trial of one or more separate issues" "[f]or convenience, to avoid prejudice, or to expedite and economize." The Court should exercise that authority here. First, because the disgorgement remedies that Derive seeks are equitable,[5] Derive has no right to jury trial of them[6] and "the district judge [would be] acting within his authority in bifurcating the legal and equitable claims pursuant to Fed.R.Civ.P. 42, and in trying [Derive's] equitable claims … to the court."[7]

Second, because Defendants do not consent to jury trial of Derive's equitable disgorgement claims, any verdict the Court might take on them would be purely advisory, and not have "the

---

[5] *See generally Tull v. United States*, 481 U.S. 412, 424 (1987) ("an action for disgorgement of improper profits" is "traditionally considered an equitable remedy"); *S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1179 (10th Cir. 2006) ("Disgorgement is by nature an equitable remedy …") (quoting Arnold S. Jacobs, *Disclosures & Remedies Under the Securities Laws* § 20:109); *see also Petrella v. Metro-Goldwyn-Mayer, Inc.*, -- U.S. --, 134 S. Ct. 1962, 1967 n. 1 (2014), (regarding the Copyright Act's "profits-recovery remedy," "we regard as appropriate its treatment as 'equitable' in this case"); *Feltner v. Columbia Pictures TV, Inc.*, 523 U.S. 340, 352 (1998) (in the copyright context, "we have characterized as equitable … actions for disgorgement of improper profits"); *Texas Advanced Optoelectronic Solns., Inc. v. Renesas Elecs. Am., Inc.*, -- F.3d --, 2018 WL 2011463, at *13 (Fed. Cir. May 1, 2018) ("Claims for [trade secret misappropriation] were first recognized in … equity (or chancery) courts …"); *Fifty-Six Hope Road Music v. Avela, Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) ("A claim for disgorgement of profits under [the Lanham Act] is equitable, not legal.").

[6] *See generally Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) ("'no right to a jury exists' for equitable claims"); *see also Texas Advanced Optoelectronic*, 2018 WL 2011463, at *15, *16 ("For Seventh Amendment purposes, claims for patent, copyright, or trademark infringement are appropriate analogues of the trade secret claim here. From all we have seen, no disgorgement remedy was available at law in 1791 for the former claims. We conclude that no such remedy would have been available at law for the trade secret misappropriation here, either."; "TAOS has no right to a jury decision on its request for disgorgement of Intersil's profits as a remedy for trade secret misappropriation."); *Fifty-Six Hope Road*, 778 F.3d at 1074–76 (finding no right to jury trial on Lanham Act disgorgement claim).

[7] *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).

same effect as if a jury trial had been a matter of right."[8] Therefore burdening the jury with damages evidence will serve no purpose.

Instructively, courts have bifurcated damages from liability even in cases where damages are triable as of right, "in the interest of judicial economy and convenience."[9] As those courts have explained: "[e]vidence … unique to issues of damages … would involve a good deal of additional trial time in addition to adding to complexity and confusion which will face the jury," whereas "[b]ifurcation would simplify the jury's task and a determination of no liability would avoid entirely the need for a trial pertaining to damages";[10] "[j]udicial resources may be conserved through bifurcation, as liability may not be found," and "the burden on the jury, and risk of juror confusion, will also be reduced by trying these issues separately."[11]

Here, the jury-related considerations weigh even more heavily in favor of bifurcation for two reasons: any imposition on the jury will serve no purpose because the Court will still have to independently assess the evidence; and even if Derive wins on liability, damages will be tried to the bench and therefore bifurcation *guarantees* that the jury will not be burdened with the presentation of equitable damages-related evidence—whereas in those other cases, with legal damages, there was only the possibility that the jury might be spared, if liability were not found.

Additionally, damages issues in this case are likely to be extremely time consuming as Derive seeks to ████████████████████████████████████

---

[8] *See* Rule 39(c).

[9] *Apple Computer, Inc. v. Microsoft Corp.*, 821 F. Supp. 616, 630 (N.D. Cal. 1993) (copyright case).

[10] *White Chem. Corp. v. Walsh Chem. Corp.*, 116 F.R.D. 580, 582 (W.D.N.C. 1987) (patent case).

[11] *Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 442 (D. Del. 2010) (patent case).

██████████████████████ Each of the Defendant has a damages expert for a total of 6 damages experts for the Defendants not to mention the fact witnesses for each regarding damages. The jury should not be burdened with this extensive presentation of evidence on non-jury issues, and the Court should avoid the time and expense of presenting the damages evidence if the jury finds no liability.

## III.   CONCLUSION

For the convenience of the jury, which will be entirely spared the burden of receiving and digesting damages evidence—and to expedite and economize the proceedings, by avoiding the presentation of damages evidence altogether if liability is not found, and by streamlining that presentation by making it to the bench rather than the jury, if liability is found—the Court should bifurcate trial on the equitable damages theory to which Derive has limited itself.[12]

---

[12] In addition, Derive's claims against defendants Thomas Wood and Lance Hunter relate to respective agreements for them and Derive or Derive's predecessor, Bully Dog. Each alleged agreement contains a ███████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████████ As a result of the motions for summary judgement and the lack of damages on claims unique to Mr. Wood and Mr. Hunter, there should not be any unique claims remaining for trial that would require bifurcation of the issues subject to the respective ██████████████ Nevertheless, Mr. Wood and Mr. Hunter state their objection to trial by jury on those claims and issues related to them that are subject to the ██████████████ *See also* Motion for Partial Summary Judgment regarding Damages, filed concurrently herewith; Exhibits 15–16 of the Appendix in Support of the Motion for Partial Summary Judgment regarding Damages, also filed concurrently herewith.

Defendants also object to trial by jury on the claims asserted by Derive against the Defendants because Derive has waived its right to a jury trial on those claims under the ███████████████ in the Thomas Wood and Lance Hunter agreements. Defendants do not waive their right to a jury trial on the counterclaims asserted by Defendants against Derive, and there is no agreement to waive a jury trial as to those claims.

Dated: May 4, 2018.

Respectfully Submitted,

MASCHOFF BRENNAN

By:  /s/ Jared J. Braithwaite
    Kirk R. Harris
    Jared J. Braithwaite
    Daniel R. Barber
    Attorneys for Defendants
    TECHIT, LLC and Thomas Wood

KIRTON MCCONKIE

By:  /s/ James T. Burton
    Cameron M. Hancock
    James T. Burton
    Joshua S. Rupp
    Attorneys for Defendant
    EZ LYNK, SEZC
    *(Signed by filing attorney with permission)*

CLARKSON & ASSOCIATES

By:  /s/ Matthew D. Spring
    Barry E. Clarkson
    Matthew D. Spring
    R. Rowland Graff
    Attorneys for Defendant
    H&S PERFORMANCE LLC
    *(Signed by filing attorney with permission)*

DEISS LAW

By:  /s/ Wesley D. Felix
    Wesley D. Felix
    Attorneys for Defendant
    Lance Hunter
    *(Signed by filing attorney with permission)*

SCHULTZ & ASSOCIATES

By:  /s/ George R. Shultz
    George R. Shultz
    Nicole Risher Marsh
    &
    DURHAM JONES PINEGAR
    Jordan K. Cameron
    Attorneys for Defendant
    GDP TUNING, LLC
    *(Signed by filing attorney with permission)*

RAY QUINNEY & NEBEKER

By:  /s/ Arthur B. Berger
    Arthur B. Berger
    Samuel C. Straight
    Michael K. Erickson
    Adam K. Richards
    Attorneys for Defendant POWER PERFORMANCE ENTERPRISES, LLC
    *(Signed by filing attorney with permission)*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2018, I caused a true and correct copy of the foregoing to be filed using the Court's CM/ECF filing system, which provides service to all counsel of record.

*/s/ Jared J. Braithwaite*