# Exhibit B

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

Brent O. Hatch (5715)
 bhatch@hjdlaw.com
Phillip J. Russell (10445)
 prussell@hjdlaw.com
HATCH, JAMES, & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Mark A. Klapow (admitted *pro hac vice*)
 mklapow@crowell.com
Michael J. Songer (admitted *pro hac vice*)
 msonger@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
Telephone: (202) 624-2500
Facsimile:  (202) 628-5116

*Attorneys for Plaintiffs Derive Power, LLC*
*and Derive Systems, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| DERIVE POWER, LLC; and DERIVE SYSTEMS, INC.;<br><br>          Plaintiffs,<br><br>v.<br><br>EZ LYNK, SEZC; H&S PERFORMANCE, LLC; THOMAS WOOD; LANCE HUNTER TECHIT, LLC; GDP TUNING, LLC; and POWER PERFORMANCE ENTERPRISES, INC.;<br><br>          Defendants. | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EZ LYNK, SEZC**<br><br><br>Case No. 2:16-cv-01066-BSJ<br><br>Judge Bruce S. Jenkins |

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Derive Power, LLC and Derive Systems, Inc. ("Plaintiffs" or "Derive"), through counsel, Crowell & Moring LLP, hereby request that, within 30 days of service of this request, Defendant EZ LYNK SECZ ("Defendant" or "EZ LYNK") produce for inspection and copying at the law offices of Crowell & Moring LLP, 1001 Pennsylvania Avenue, NW, Washington, DC 20004, any and all documents described herein.

## **DEFINITIONS**

The following definitions apply to each request set forth herein:

1.     **Communicate/Communication**.  The terms "communicate" and "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document, or whether face-to-face, by telephone, email, instant message, text message, mail, personal delivery, or otherwise.

2.     **Document**.  The term "document" means printed, typed, written, handwritten, recorded, taped, electronic, graphic or other tangible matter from whatever source, however produced or reproduced, of any and all such matter, including, without limitation, the original, regardless of origin or location, of any correspondence, notation, paper, book, pamphlet, periodical, letter, diary, memorandum, statement, application, affidavit, email, instant message, text message, telegram, cable, report, evaluation, record, memoir of any type of personal or telephone conversations, meetings or conferences, stenographic or handwritten note, minute, invoice, bill of lading, receipt, voucher, charge slip, statement, chart, graph, map, diagram, blueprint, table, calendar, desk pad, appointment book, index, picture, voice recording, transcript, worksheet, summary, list, tabulation, digest, cancelled or uncancelled check or drafts, tape, tape-data sheet or data sheet or data processing card or disc and copies and reproductions of any of the

above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced.  Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents.  The enumeration of various and specific items included within the definition of the term "document" shall not be taken to limit the generality of this term, and the requests herein are directed or intended to obtain any "document" in the broadest and most comprehensive sense and meaning of that term.

       3.      **Parties**.  The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, agents, attorneys, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

       4.      **Concerning**.  The term "concerning" means relating to, referring to, describing, evidencing, supporting, or constituting.

       5.      **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

       6.      **Complaint**.  The term "Complaint" collectively refers to the Complaint filed in the civil action entitled <u>Derive Power, LLC et al. v. EZ LYNK SECZ et al</u>, Civil Action No. 2:16-cv-01066-BSJ, which is currently pending in the United States District Court for the District of Utah.

7.      **Performance Programming Device**.  The term "performance programming device" means any kind of aftermarket device to be used in or in connection with vehicles to modify a vehicle's performance, including but not limited to the EZ LYNK Auto Agent device.

8.      **Tune**.  The term "tune" means any kind of software application and/or file used, intended for use, considered for use, developed for use, and/or capable of use to be downloaded onto and/or used in connection with any performance programming device, including but not limited to the EZ LYNK Auto Agent device.

9.      **Derive**.  The term "Derive" refers to Plaintiffs Derive Power, LLC and Derive Systems, Inc., including their predecessors, affiliates, directors, trustees, managers, employees, and agents.

## **INSTRUCTIONS**

The following instructions apply to each request set forth herein:

1.      If any document falling within any description contained in the following requests is withheld under a claim of privilege, Defendant shall identify such document by specifying the following information as to each such document:  (a) the type of document; (b) the general subject matter of the document; (c) the date on which the document was prepared; (d) the name(s) of the person(s) or entity who drafted, authored or prepared the document; (e) the title of the document (e.g., letter, memorandum, telegram, etc.); (f) number of pages in the document; (g) the form of the document (e.g., writing, recording, etc.); (h) the name(s) of the person(s) or entity to whom it was addressed or directed; (i) the name(s) of the person(s) or entity to whom the item or any copy or reproduction thereof (including "carbon copies" and "blind carbon copies") was ever addressed; (j) attachments and appendices to the document; (k) the present location and custodian of the document; (l) the type of privilege claimed; and (m) a statement of the basis for the assertion of the privilege claimed.

4

2.      All requested documents are to be produced unedited.

3.      If any document requested has been lost, discarded, or destroyed, such documents so lost, discarded, or destroyed shall be identified as completely as possible.  Identification of such documents shall include, without limitation, the information required above regarding documents withheld under a claim of privilege, and date of disposal, manner of disposal, reason for disposal, person authorizing disposal, persons having knowledge of the disposal, and the persons disposing of the document.

4.      These requests do not supersede, delay, or replace any disclosures required by Federal Rule of Civil Procedure 26(a)(1).

5.      These requests are continuing in nature, requiring Defendant to immediately supplement Defendant's responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## **DOCUMENT REQUESTS**

1.      Any and all documents reflecting or relating to the firmware used in EZ LYNK's Auto Agent device, including but not limited all software code for the firmware.

2.      Any and all documents reflecting or relating to the software used to support EZ LYNK's Auto Agent Device, including but not limited to all software code.

3.      Any and all documents reflecting or relating to the software used to create and/or support "tunes" used, intended to be used, or considered for use on and/or in connection with EZ LYNK's Auto Agent device, including but not limited to all software code.

4.      Any and all documents reflecting or relating to "tunes" used, intended to be used, or considered for use on and/or in connection with EZ LYNK's Auto Agent device.

5.      Any and all documents regarding the development of the EZ LYNK Auto Agent Device.

6.      Any and all documents reflecting communications between EZ LYNK, including its employees, agents, or representatives, and Mentor Graphics and any of its employees, agents, or representatives.

7.      Any and all documents reflecting all income, profits, and/or earnings of EZ LYNK.

8.      Any and all documents reflecting or relating to EZ LYNK's relationship with Prestige Worldwide.

9.      Any and all documents reflecting or relating to EZ LYNK's relationship with TechIT, LLC.

10.     Any and all documents reflecting or relating to any agreements, relationships, and/or arrangements between EZ LYNK and distributors of the Auto Agent device.

11.     Any and all documents reflecting or relating to any sales of any EZ LYNK product or service in the State of Utah, to any Utah resident, and/or to any entity that maintains a physical location in Utah.

12.     Any and all documents reflecting or relating to any sales of the EZ Lynk Auto Agent device.

13.     Any and all documents regarding the EZ LYNK Auto Agent iTunes app, including but not limited to any documents related to downloads of the iTunes app.

14.     Any and all documents reflecting any communications by EZ LYNK, including its employees, agents, or representatives, about Derive, including but not limited to any emails,

text messages, and/or any postings to blogs or social media postings (e.g., Facebook, Twitter, Instagram, LinkedIn, etc.).

15.     Any and all documents regarding Defendant GDP Tuning, LLC.

16.     Any and all documents regarding Defendant Power Performance Enterprises, Inc.

17.     Any and all documents regarding Defendant H&S Performance, LLC.

18.     Any and all documents regarding Defendant Lance Hunter.

19.     Any and all documents regarding compensation paid to Tom Wood, including but not limited to wages, distributions, bonuses, commissions, stock options, or any other payments.

20.     Any and all documents reflecting or regarding communications between EZ LYNK, including its employees, agents, or representatives, and any current or former Derive employee.

21.     Any and all documents reflecting or regarding the formation, registration, and/or incorporation of EZ LYNK.

22.     Any and all documents EZ LYNK intends to rely on at any hearing or trial of this matter.

23.     All documents that any person EZ LYNK expect to call as an expert witness in this case created, revised, relied upon, or referenced to form, support, or communicate any opinion to be expressed in this case.

24.     All documents EZ LYNK relied upon in responding to Derive's First Set of Interrogatories.

25.     All documents related to any and all communications EZ LYNK, including its employees, agents, or representatives had with anyone other than counsel regarding the claims contained in the Complaint filed in this action, and/or any defense thereto.

26.     All documents related to all discussions with, interviews of, or statements given by any Defendant(s) or any other person relating to the facts and/or claims contained in the Complaint filed in this action, and/or any defense thereto.

27.     All documents EZ LYNK, including its employees, agents, or representatives, created, revised, received, or approved concerning the claims contained in the Complaint filed in this action, and/or any defense thereto, including but not limited to, any postings to blogs or social media postings (e.g., Facebook, Twitter, Instagram, LinkedIn, etc.).

28.     Any and all documents related to any allegations in the Complaint filed in this action, and/or any defense thereto, not otherwise responsive to Requests 1-27 above.

Respectfully submitted,

By:  /s/ Michael J. Songer
     Brent O. Hatch
     Phillip J. Russell
     HATCH, JAMES & DODGE, P.C.

     Mark A. Klapow
     Michael J. Songer
     CROWELL & MORING LLP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of April 2017, the foregoing Plaintiffs' First Set of

Requests for Production of Documents to Defendant EZ LYNK, SECZ was served on the

following counsel of record for Defendants via email:


Barry E. Clarkson
Matthew D. Spring
P. Rowland Graff
CLARKSON & ASSOCIATES, LLC
162 North 400 East, Suite A204
P.O. Box 1630
St. George, Utah 84771
*Attorneys for H&S Performance, LLC*

Jordan Cameron
DURHAM JONES & PINEGAR, P.C.
3301 N. Thanksgiving Way
Suite 400
Lehi, UT 8404
*Attorneys for Defendant GDP Tuning, LLC*

Kirk R. Harris
Jared J. Braithwaite
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
*Attorneys for Defendants TECHIT, LLC and Thomas Wood*

Cameron M. Hancock
James T. Burton
Joshua S. Rupp
KIRTON MCCONKIE
Key Bank Tower
36 S. State Street, #1900
Salt Lake City, Utah 84111
*Attorneys for Defendant EZ LYNK, SEZC*

Wesley D. Felix
WES FELIX LAW, P.C.
170 S. Main #1075
Salt Lake City, Utah 84101
*Attorney for Defendant Lance Hunter*

Arthur B. Berger
Samuel C. Straight
Adam Kenji Richards
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
*Attorneys for Defendant Power Performance Enterprises, Inc.*


/s/ Michael J. Songer
Michael J. Songer

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

Brent O. Hatch (5715)
bhatch@hjdlaw.com
Phillip J. Russell (10445)
prussell@hjdlaw.com
HATCH, JAMES, & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Michael J. Songer (admitted *pro hac vice*)
msonger@crowell.com
Vincent J. Galluzzo (admitted *pro hac vice*)
vgalluzzo@crowell.com
Christine B. Hawes (admitted *pro hac vice*)
chawes@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

*Attorneys for Plaintiffs Derive Power, LLC*
*and Derive Systems, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| DERIVE POWER, LLC; and DERIVE SYSTEMS, INC.;<br><br>            Plaintiffs,<br><br>v.<br><br>EZ LYNK, SEZC; H&S PERFORMANCE, LLC; THOMAS WOOD; LANCE HUNTER; TECHIT, LLC; GDP TUNING, LLC; and POWER PERFORMANCE ENTERPRISES, INC.;<br><br>            Defendants. | **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EZ LYNK, SEZC**<br><br><br>Case No. 2:16-cv-01066-BSJ<br><br>Judge Bruce S. Jenkins |

Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

Plaintiffs Derive Power, LLC and Derive Systems, Inc. ("Plaintiffs" or "Derive"), through

counsel, Crowell & Moring LLP, hereby request that, within 30 days of service of this request,

Defendant EZ Lynk, SEZC produce for inspection and copying at the law offices of Crowell &

Moring LLP, 1001 Pennsylvania Avenue, NW, Washington, DC 20004, any and all documents described herein.

## DEFINITIONS

The following definitions apply to each request set forth herein:

1. **Communication**. The term "communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document, or whether face-to-face, by telephone, email, instant message, text message, mail, personal delivery, or otherwise.

2. **Document**. The term "document" means printed, typed, written, handwritten, recorded, taped, electronic, graphic or other tangible matter from whatever source, however produced or reproduced, of any and all such matter, including, without limitation, the original, regardless of origin or location, of any correspondence, notation, paper, book, pamphlet, periodical, letter, diary, memorandum, statement, application, affidavit, email, instant message, text message, telegram, cable, report, evaluation, record, memoir of any type of personal or telephone conversations, meetings or conferences, stenographic or handwritten note, minute, invoice, bill of lading, receipt, voucher, charge slip, statement, chart, graph, map, diagram, blueprint, table, calendar, desk pad, appointment book, index, picture, voice recording, transcript, worksheet, summary, list, tabulation, digest, cancelled or uncancelled check or drafts, tape, tape-data sheet or data sheet or data processing card or disc and copies and reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced. Designated documents shall be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents. The enumeration of

2

various and specific items included within the definition of the term "document" shall not be taken to limit the generality of this term, and the requests herein are directed or intended to obtain any "document" in the broadest and most comprehensive sense and meaning of that term.

3.      **Financial Document**.  The term "financial document" is defined to mean any printed, typed, written, handwritten, recorded, taped, electronic, graphic, or other tangible or electronic form of the following items:  checks, canceled checks, invoices, receipts, statements, ledgers, electronic transfer records, wire transfer records, and bills, including all attachments, exhibits, enclosures, appendices, and materials related to the foregoing.

4.      **Reflecting**.  The term "reflecting" means relating to, referring to, describing, evidencing, supporting, or constituting.

5.      **Performance Programmer Device**.  The term "performance programmer device" means any kind of aftermarket device to be used in or in connection with vehicles to modify a vehicle's performance.

6.      **TechIT**.  The term "TechIT" refers to Defendant TechIT, LLC, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

7.      **Derive**.  The term "Derive" refers to Plaintiffs Derive Power, LLC and Derive Systems, Inc., including their predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

8.      **EZ Lynk**.  The term "EZ Lynk" refers to Defendant EZ Lynk, SEZC, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

9.      **H&S**.  The term "H&S" refers to H&S Performance, LLC, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

10.    **PPEI**.  The term "PPEI" refers to Power Performance Enterprises, Inc., including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

11.    **GDP**.  The term "GDP" refers to GDP Tuning, LLC, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

12.    **Prestige Worldwide**.  The term "Prestige Worldwide" refers to Prestige Worldwide, SEZC, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

13.    **Dubz Bites**.  The term "Dubz Bites" refers to Dubz Bites, SEZC, including its predecessors, affiliates directors, trustees, managers, employees, and agents.

14.    **Sharp Circuit**.  The term "Sharp Circuit" refers to Sharp Circuit, SEZC, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

15.    **Rudy's Performance Parts**.  The term "Rudy's Performance Parts" refers to Rudy's Performance Parts, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

16.    **Altered Off-Road**.  The term "Altered Off-Road" refers to Altered Off-Road, Inc. and its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

17.    **Red Deer**.  The term "Red Deer" refers to Red Deer Exhaust, Inc. and its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

18.    **Flo-Pro**.  The term "Flo-Pro" refers to Flo-Pro Performance Exhaust and its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

19.    **Apex Tuning**.  The term "Apex Tuning" refers to Apex Tuning, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

4

20.     **TuneCals**.  The term "TuneCals" refers to TuneCals Ltd., including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

21.     **VLT**.  The term "VLT" refers to Vincent Liles Thompson Private Wealth Management.

## INSTRUCTIONS

The following instructions apply to each request set forth herein:

1.     If any document falling within any description contained in the following requests is withheld under a claim of privilege, Defendant shall identify such document by specifying the following information as to each such document:  (a) the type of document; (b) the general subject matter of the document; (c) the date on which the document was prepared; (d) the name(s) of the person(s) or entity who drafted, authored or prepared the document; (e) the title of the document (e.g., letter, memorandum, telegram, etc.); (f) number of pages in the document; (g) the form of the document (e.g., writing, recording, etc.); (h) the name(s) of the person(s) or entity to whom it was addressed or directed; (i) the name(s) of the person(s) or entity to whom the item or any copy or reproduction thereof (including "carbon copies" and "blind carbon copies") was ever addressed; (j) attachments and appendices to the document; (k) the present location and custodian of the document; (l) the type of privilege claimed; and (m) a statement of the basis for the assertion of the privilege claimed.

2.     All requested documents shall be produced unedited.

3.     If any document requested has been lost, discarded, or destroyed, such documents so lost, discarded, or destroyed shall be identified as completely as possible.  Identification of such documents shall include, without limitation, the information required above regarding documents withheld under a claim of privilege, and date of disposal, manner of disposal, reason

for disposal, person authorizing disposal, persons having knowledge of the disposal, and the persons disposing of the document.

4.      These requests do not supersede, delay, or replace any disclosures required by Federal Rule of Civil Procedure 26(a)(1).

5.      These requests are continuing in nature, requiring Defendant to immediately supplement Defendant's responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

6.      Documents shall be produced as searchable TIFFs (with a companion OCR or extracted text file).  All TIFF images shall be at a compression rate of 300 DPI or higher. Parent-child relationships (such as those associated between emails and attachments) shall be preserved for all natively-produced and TIFF-imaged documents, with the child document produced consecutively after the parent document.  Families shall be associated using the BegAtt and EndAtt metadata fields.  To the extent that conversion to TIFF format degrades the legibility, search capability, or otherwise degrades the quality of a document originally contained in electronic format, native versions of that electronic document shall be produced.  Files that are not paginated or easily converted to paginated images, such as spreadsheets and database and drawing files, shall be produced in native format.  Native files shall be produced with a TIFF placeholder bearing a legend such as "Produced in Native File Format."  The TIFF image shall be endorsed with a sequential Bates number, applicable Confidentiality designation and the produced native file named to match this Bates number.

7.      All documents shall contain sequential Bates-stamped numbering.

8.      Hard copy documents shall be scanned and produced as single-page TIFF images with an image load file (.OPT file or .LFP file), a delimited database/metadata load file (.DAT or

.CSV), and per document searchable text (.TXT) files that contain full text extraction.  In the event a document is scanned into TIFF format, the text file shall contain that document's OCR text.  The text and image load files shall indicate page breaks.

9.      All documents shall be produced in the order in which they are kept in the usual course of business.

10.     To the extent the information is available for any produced document, produce the following metadata:  BegDoc; EndDoc; BegAtt; EndAtt; AttachRange; Attachment_ID; ParentID; MD5Hash; Custodian; Source; Title; Author; DateCreated; LastDateModified; Subject; Company; FileName; To; From; CC; BCC; Email_Subject; ReceivedDate; ReceivedTime; SentDate; and SentTime.

## DOCUMENT REQUESTS

29.     Financial Documents relating to any sale, offer of sale, distribution, or provision of services, in connection with any performance programmer device made or offered by EZ Lynk, H&S, GDP, or PPEI.

30.     Financial Documents relating to any sale, offer of sale, distribution, or provision of services, in connection with any performance programmer device offered by Prestige Worldwide.

31.     Financial Documents relating to any sale, offer of sale, distribution, or provision of services, in connection with any performance programmer device offered by Red Deer, Flo-Pro, Apex Tuning, or Don Schumacher.

32.     Financial Documents relating to any sale, offer of sale, distribution, or provision of services, in connection with any performance programmer device offered by Altered Off-Road or Landon McInall.

33.     Financial Documents relating to any sale, offer of sale, distribution, or provision of services, in connection with any performance programmer device offered by Rudy's Performance Parts or Aaron Rudolf.

34.     Bank records and financial account statements for accounts held by EZ Lynk, including but not limited to all records and statements reflecting any account balances or payment or receipt of funds by EZ Lynk from January 1, 2014 to the present.

35.     Documents reflecting any payment or transfer of funds to or from H&S, PPEI, GDP, TechIT, Lance Hunter, or Tom Wood.

36.     Documents reflecting any payment or transfer of funds to or from Sharp Circuit, Dubz Bites, or Prestige Worldwide.

37.     Documents reflecting any payment or transfer of funds to or from Bradley Gintz.

38.     Documents reflecting any payment or transfer of funds to or from Kory Willis.

39.     Documents reflecting any payment or transfer of funds to or from TuneCals or Cory Chomos.

40.     Documents reflecting any payment or transfer of funds to or from Rudy's Performance Parts or Aaron Rudolf.

41.     Documents reflecting any sale, offer of sale, distribution, or provision of services, by or to Red Deer, Flo-Pro, Apex Tuning, or Don Schumacher, relating to any performance programmer device, including but not limited to documents reflecting payment for such devices or services.

42.     Documents reflecting any sale, offer of sale, distribution, or provision of services, by or to Altered Off-Road or Landon McInall, relating to any performance programmer device, including but not limited to documents reflecting payment for such devices or services.

8

43.     Communications to or from Red Deer, Flo-Pro, Apex Tuning, or Don Schumacher.

44.     Documents reflecting any contract or agreement with Red Deer, Flo-Pro, Apex Tuning, or Don Schumacher.

45.     Communications to or from Altered Off-Road or Landon McInall.

46.     Documents reflecting any contract or agreement with Altered Off-Road or Landon McInall.

47.     Phone records of EZ Lynk, including all phone records of any employee of EZ Lynk, from January 1, 2014 to the present.

48.     Phone records reflecting any communications between EZ Lynk and any other defendant to this action from January 1, 2014 to the present.

49.     Phone records reflecting any communications between EZ Lynk and Prestige Worldwide, Red Deer, Flo-Pro, Apex Tuning, Don Schumacher, Altered Off-Road, Landon McInall, Rudy's Performance Parts, Aaron Rudolf, Brad Gintz, TuneCals, or Cory Chomos from January 1, 2014 to the present.

50.     Documents relating to Prestige Worldwide.

51.     Communications to or from Prestige Worldwide.

52.     Documents relating to Rudy's Performance Parts or Aaron Rudolf.

53.     Communications to or from Rudy's Performance Parts or Aaron Rudolf.

54.     Documents reflecting any contract or agreement with Rudy's Performance Parts or Aaron Rudolf.

55.     Documents relating to Tunecals or Cory Chomos.

56.     Communications to or from TuneCals or Cory Chomos.

9

57.     Documents reflecting any contract or agreement with TuneCals or Cory Chomos.

58.     Documents relating to the development, sale, offer for sale, distribution, or provision of services, relating to any performance programmer device containing Derive hardware, firmware, or software, regardless of whether the device was developed, sold, offered for sale, distributed, or serviced by Derive.

59.     Documents reflecting any contract or agreement with VLT.

60.     Documents reflecting the scope or nature of any financial services provided by VLT to, on behalf of, or for the benefit of EZ Lynk, Prestige Worldwide, Sharp Circuit, or Dubz Bites.

61.     Documents reflecting the amount or source of any payment to VLT for financial services provided to, on behalf of, or for the benefit of EZ Lynk, Prestige Worldwide, Sharp Circuit, or Dubz Bites.

62.     Financial documents relating to any accounts managed or services performed by VLT.

63.     Documents reflecting any payment or transfer of funds by, to, on behalf of, or for the benefit of Prestige Worldwide, Sharp Circuit, or Dubz Bites.

Dated this 15th day of February, 2018.

Respectfully,


/s/ Michael J. Songer
Brent O. Hatch
Phillip J. Russell
HATCH, JAMES & DODGE, P.C.


Michael J. Songer
Vincent J. Galluzzo
Christine B. Hawes
CROWELL & MORING LLP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of February 2018, the foregoing Plaintiffs' Second Set of Requests for Production of Documents to Defendant EZ Lynk, SEZC was served on counsel of record for Defendants via email.

<u>/s/ Michael J. Songer</u>
Michael J. Songer

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

Brent O. Hatch (5715)
bhatch@hjdlaw.com
Phillip J. Russell (10445)
prussell@hjdlaw.com
HATCH, JAMES, & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Michael J. Songer (admitted *pro hac vice*)
msonger@crowell.com
Vincent J. Galluzzo (admitted *pro hac vice*)
vgalluzzo@crowell.com
Christine B. Hawes (admitted *pro hac vice*)
chawes@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
Telephone: (202) 624-2500
Facsimile:  (202) 628-5116

*Attorneys for Plaintiffs Derive Power, LLC*
*and Derive Systems, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| DERIVE POWER, LLC; and DERIVE SYSTEMS, INC.;<br><br>Plaintiffs,<br><br>v.<br><br><br>EZ LYNK, SEZC; H&S PERFORMANCE, LLC; THOMAS WOOD; LANCE HUNTER; TECHIT, LLC; GDP TUNING, LLC; and POWER PERFORMANCE ENTERPRISES, INC.;<br><br>Defendants. | **PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EZ LYNK, SEZC**<br><br><br><br>Case No. 2:16-cv-01066-BSJ<br><br>Judge Bruce S. Jenkins |

Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

Plaintiffs Derive Power, LLC and Derive Systems, Inc. ("Plaintiffs" or "Derive"), through

counsel, Crowell & Moring LLP, hereby request that, within 30 days of service of this request,

Defendant EZ Lynk, SEZC produce for inspection and copying at the law offices of Crowell &

Moring LLP, 1001 Pennsylvania Avenue, NW, Washington, DC 20004, any and all documents described herein.

## DEFINITIONS

The following definitions apply to each request set forth herein:

1.      **Communication**.  The term "communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document, or whether face-to-face, by telephone, email, instant message, text message, mail, personal delivery, or otherwise.

2.      **Document**.  The term "document" means printed, typed, written, handwritten, recorded, taped, electronic, graphic or other tangible matter from whatever source, however produced or reproduced, of any and all such matter, including, without limitation, the original, regardless of origin or location, of any correspondence, notation, paper, book, pamphlet, periodical, letter, diary, memorandum, statement, application, affidavit, email, instant message, text message, telegram, cable, report, evaluation, record, memoir of any type of personal or telephone conversations, meetings or conferences, stenographic or handwritten note, minute, invoice, bill of lading, receipt, voucher, charge slip, statement, chart, graph, map, diagram, blueprint, table, calendar, desk pad, appointment book, index, picture, voice recording, transcript, worksheet, summary, list, tabulation, digest, cancelled or uncancelled check or drafts, tape, tape-data sheet or data sheet or data processing card or disc and copies and reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced.  Designated documents shall be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents.  The enumeration of

2

various and specific items included within the definition of the term "document" shall not be taken to limit the generality of this term, and the requests herein are directed or intended to obtain any "document" in the broadest and most comprehensive sense and meaning of that term.

3.     **Financial Document**.  The term "financial document" is defined to mean any printed, typed, written, handwritten, recorded, taped, electronic, graphic, or other tangible or electronic form of the following items:  checks, canceled checks, invoices, receipts, statements, ledgers, electronic transfer records, wire transfer records, and bills, including all attachments, exhibits, enclosures, appendices, and materials related to the foregoing.

4.     **Reflecting**.  The term "reflecting" means relating to, referring to, describing, evidencing, supporting, or constituting.

5.     **Performance Programmer Device**.  The term "performance programmer device" means any kind of aftermarket device to be used in or in connection with vehicles to modify a vehicle's performance.

6.     **You, Your, and EZ Lynk.** The terms "You," "Your," and "EZ Lynk" refer to Defendant EZ Lynk, SEZC, including its predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

7.     **TechIT**.  The term "TechIT" refers to Defendant TechIT, LLC, including its predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

8.     **Derive**.  The term "Derive" refers to Plaintiffs Derive Power, LLC and Derive Systems, Inc., including their predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

9.     **H&S**.  The term "H&S" refers to H&S Performance, LLC, including its predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

10.     **PPEI**.  The term "PPEI" refers to Power Performance Enterprises, Inc., including its predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

11.     **GDP**.  The term "GDP" refers to GDP Tuning, LLC, including its predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

12.     **Prestige Worldwide**.  The term "Prestige Worldwide" refers to Prestige Worldwide, SEZC, including its predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

13.     **Bully Dog.** The term "Bully Dog" refers to Bully Dog Technologies, LLC, including its predecessors, affiliates, owners, officers, directors, trustees, managers, employees, and agents.

## <u>INSTRUCTIONS</u>

The following instructions apply to each request set forth herein:

1.     If any document falling within any description contained in the following requests is withheld under a claim of privilege, Defendant shall identify such document by specifying the following information as to each such document:  (a) the type of document; (b) the general subject matter of the document; (c) the date on which the document was prepared; (d) the name(s) of the person(s) or entity who drafted, authored or prepared the document; (e) the title of the document (e.g., letter, memorandum, telegram, etc.); (f) number of pages in the document; (g) the form of the document (e.g., writing, recording, etc.); (h) the name(s) of the person(s) or entity to whom it was addressed or directed; (i) the name(s) of the person(s) or entity to whom the item or any copy or reproduction thereof (including "carbon copies" and "blind carbon copies") was ever addressed; (j) attachments and appendices to the document; (k) the present location and custodian of the document; (l) the type of privilege claimed; and (m) a statement of the basis for the assertion of the privilege claimed.

4

2.        All requested documents shall be produced unedited.

3.        If any document requested has been lost, discarded, or destroyed, such documents so lost, discarded, or destroyed shall be identified as completely as possible.  Identification of such documents shall include, without limitation, the information required above regarding documents withheld under a claim of privilege, and date of disposal, manner of disposal, reason for disposal, person authorizing disposal, persons having knowledge of the disposal, and the persons disposing of the document.

4.        These requests do not supersede, delay, or replace any disclosures required by Federal Rule of Civil Procedure 26(a)(1).

5.        These requests are continuing in nature, requiring Defendant to immediately supplement Defendant's responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

6.        Produce paginated documents as single-page TIFFS (with a companion OCR or extracted text file).  Files that are not paginated or easily converted to paginated images, such as spreadsheet, database and drawing files, shall be produced in native format.

7.        Hard copy documents shall be scanned and produced as single-page TIFF images with an image load file (.OPT file or .LFP file) and a delimited database/metadata load file (.DAT or .CSV).  All documents shall be provided with per document searchable text (.TXT) files that contain full text extraction.  In the event a document is scanned into TIFF format, the text file shall contain that document's OCR text.  The documents shall be logically unitized (i.e., distinct documents shall not be merged into a single record, and a single document shall not be split into multiple records) and shall be produced in the order in which they are kept in the usual course of business.  The text and image load files shall indicate page breaks.

8.      Electronically-stored documents being produced shall be produced in a combination of TIFF images or native file formats.  Derive may request certain documents or categories of documents to be produced natively or in color also.  All TIFF images shall be at a compression rate of 300 DPI or higher.  Parent-child relationships (such as those associated between emails and attachments) shall be preserved for all natively-produced and TIFF-imaged documents, with the child document produced consecutively after the parent document.  Families shall be associated using the BegAtt and EndAtt metadata fields.  All documents shall be provided with per document searchable text (.TXT) files that contain full text extraction.

9.      Unless such materials contain privileged information, documents in which the conversion to TIFF image would diminish readability (such as spreadsheets, presentation files (e.g. PowerPoint), and audio-visual files) shall be produced in native format, with a TIFF placeholder bearing a legend such as "Produced in Native File Format."  The TIFF image shall be endorsed with a sequential Bates number, Confidentiality designation and the produced native file named to match this Bates number.  The metadata load file shall include a field (such as "Native File" or "Native Link") containing the full directory path to the native file as contained in the production metadata.

10.      To the extent the information is available for any produced document, produce the following metadata:  BegDoc; EndDoc; BegAtt; EndAtt; AttachRange; Attachment_ID; ParentID; PageCount; Confidentiality; MD5Hash; Custodian; Source; Title; Author; DateCreated; LastDateModified; Subject; Company; FileName; FolderPath; To; From; CC; BCC; Email_Subject; ReceivedDate; ReceivedTime; SentDate; and SentTime.

## DOCUMENT REQUESTS

64.     All documents that reflect any joint defense agreement or common interest agreement between You and any individual or entity in connection with this Action or related to any allegations in the First Amended Complaint.

65.     All documents reflecting or relating to any request by any individual or entity for You to pay that individual's or entity's fees, expenses, or costs to defend themselves or to serve as a witness in this Action or in connection with any allegations in the First Amended Complaint, including but not limited to any request by any Defendant or third party for payment or reimbursement of attorneys' fees, expenses, or costs.

66.     All documents reflecting or relating to any offer to any individual or entity for You to pay that individual's or entity's fees, expenses, or costs to defend themselves or to serve as a witness in this Action or in connection with any allegations in the First Amended Complaint, including but not limited to any offer to any Defendant or third party for payment or reimbursement of attorneys' fees, expenses, or costs.

67.     All documents reflecting or relating to any payment by You in connection with any individual's or entity's fees, expenses, or costs to defend themselves or to serve as a witness in this Action or in connection with any allegations in the First Amended Complaint.

68.     All documents reflecting or relating to any request by You to any individual or entity to pay or reimburse You for any fees, expenses, or costs related to this Action, including but not limited to any request of any Defendant or third party for payment or reimbursement of Your attorneys' fees, expenses, or costs.

69.     All documents reflecting or relating to any offer by any individual or entity to pay or reimburse You for any fees, expenses, or costs related to this Action, including but not limited

to any offer by any Defendant or third party for payment or reimbursement of Your attorneys' fees, expenses, or costs.

70.     All document received by You from any individual or entity regarding or in connection with this Action or Derive, including but not limited to any document received in response to any subpoena or to any informal request related to this Action.

71.     All communications with Premier Performance or any employee or agent of Premier Performance.

72.     Documents and communications authored by, received from, sent to, or referring to Kory Willis Tuning, Kory Willis Custom Tuning, KoryWillis.com, Inc., or SHC, SEZC.

73.     Documents reflecting communications between EZ Lynk and Bully Dog prior to February 28, 2014, regarding any performance programmer device, or any computer code, firmware, software, or tune used or intended for use in connection with any performance programmer device.

74.     Documents reflecting communications between EZ Lynk and Philip Klassen regarding any performance programmer device, or any computer code, firmware, software, or tune used or intended for use in connection with any performance programmer device.

75.     Documents reflecting communications between EZ Lynk and Daryl Klassen regarding any performance programmer device, or any computer code, firmware, software, or tune used or intended for use in connection with any performance programmer device.

76.     Documents reflecting communications between EZ Lynk and Michael Klassen regarding any performance programmer device, or any computer code, firmware, software, or tune used or intended for use in connection with any performance programmer device.

77.     Documents and communications authored by, received from, sent to, or referring to Payton Hugie.

78.     Documents and communications authored by, received from, sent to, or referring to Bentley Hugie.

79.     Documents and communications authored by, received from, sent to, or referring to James "Jimmy" Blair.

80.     Documents and communications sent to or received from the email account blueskyjb@roadrunner.com.

81.     Documents and communications relating to Upcall Software Consulting.

82.     Records from any time management system or other computer program indicating the time spent and tasks performed by EZ Lynk and its current or former employees and agents related to the Auto Agent device.

83.     Records from any time management system or other computer program indicating the time spent and tasks performed by EZ Lynk and its current or former employees and agents related to developing firmware, software, or other computer code related to the Auto Agent device.

84.     Documents indicating the amount of money and time, on a month-by-month basis, that EZ Lynk and any of its current or former employees and agents has expended in the development of the Auto Agent device.

85.     Documents indicating the amount of money and time, on a month-by-month basis, that EZ Lynk and any of its current or former employees and agents has expended related to developing firmware, software, or other computer code related to the Auto Agent device.

86.     Documents and communications related to Corporate Management Solutions (Cayman) Ltd.

87.     Communications with Corporate Management Solutions (Cayman) Ltd.

88.     Documents and communications related to Gutenberg Presses, Inc.

89.     Communications with Gutenberg Presses, Inc.

90.     Documents and communications related to Globepaw Systems, Inc.

91.     Communications with Globepaw Systems, Inc.


Dated March 28, 2018.

Respectfully,


By:  /s/ Michael J. Songer
     Brent O. Hatch
     Phillip J. Russell
     HATCH, JAMES & DODGE, P.C.


     Michael J. Songer
     CROWELL & MORING LLP

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of March, 2018, the foregoing Plaintiffs' Third Set of Requests for Production of Documents to Defendant EZ Lynk, SEZC was served on counsel of record for Defendants via email.

/s/ Michael J. Songer
Michael J. Songer

# Exhibit 6

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

Brent O. Hatch (5715)
 bhatch@hjdlaw.com
Phillip J. Russell (10445)
 prussell@hjdlaw.com
HATCH, JAMES, & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Mark A. Klapow (admitted *pro hac vice*)
 mklapow@crowell.com
Michael J. Songer (admitted *pro hac vice*)
 msonger@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
Telephone: (202) 624-2500
Facsimile:  (202) 628-5116


*Attorneys for Plaintiffs Derive Power, LLC*
*and Derive Systems, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| DERIVE POWER, LLC; and DERIVE SYSTEMS, INC.;<br><br>          Plaintiffs,<br><br>v.<br><br><br>EZ LYNK, SEZC; H&S PERFORMANCE, LLC; THOMAS WOOD; LANCE HUNTER TECHIT, LLC; GDP TUNING, LLC; and POWER PERFORMANCE ENTERPRISES, INC.;<br><br>          Defendants. | **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT EZ LYNK, SEZC**<br><br><br><br>Case No. 2:16-cv-01066-BSJ<br><br>Judge Bruce S. Jenkins |

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Derive Power, LLC and Derive Systems, Inc. ("Plaintiffs" or "Derive"), through counsel, Crowell & Moring LLP, hereby requests that, within 30 days of service of this request, Defendant EZ LYNK SECZ ("Defendant" or "EZ LYNK") answer the following Interrogatories separately, under oath, and in accordance with the definitions and instructions below.

## DEFINITIONS

The following definitions apply to each request set forth herein:

1.    **Communicate/Communication**.  The terms "communicate" and "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document, or whether face-to-face, by telephone, email, instant message, text message, mail, personal delivery, or otherwise.

2.    **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known place of employment, business address and telephone number (or home address and telephone number where no business address and telephone number are available).

3.    **Identify (with respect to documents)**.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

4.    **Complaint**.  The term Complaint collectively refers to the Complaint filed in the civil action entitled Derive Power, LLC et al. v. EZ LYNK SECZ et al, Civil Action No. 2:16-cv-01066-BSJ, which is currently pending in the United States District Court for the District of Utah.

5.     **Derive**.  The term "Derive" refers to Plaintiffs Derive Power, LLC and Derive Systems, Inc., including their predecessors, affiliates, directors, trustees, managers, employees, and agents.

## INSTRUCTIONS

The following instructions apply to each request set forth herein:

1.     If you refuse to identify any communication or document in your answer to an interrogatory because of a claim of privilege or work product, state the following information as to each such communication or document:

(a)     the date;

(b)     the individual(s) who participated in the communication or, where applicable, the author of the document;

(c)     the general subject matter of the communication or document;

(d)     type of document (e.g., letter, memorandum, etc.), including number of pages (if applicable);

(e)     the name(s) of the person(s) or other entity or entities to whom it was addressed or directed;

(f)     the name(s) of each person or entity to whom the item or any copy or reproduction thereof  was ever addressed;

(g)     attachment and appendices;

(h)     present custodian;

(i)     type of privilege claimed;

(j)     a statement of the basis for the assertion of the privilege claim; and

(k)     whether any third party has knowledge of the information claimed to be privileged.

3

2.      These interrogatories do not supersede, delay, or replace any disclosures required by Federal Rule of Civil Procedure 26(a)(1).

3.      These interrogatories are continuing in nature, requiring Plaintiff to immediately supplement its answers as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.      Identify the name, address, phone number, and business of any person who is likely to have personal knowledge of any fact or claim alleged in the Complaint filed in this action and/or any defense thereto, along with the subject matter of the personal knowledge possessed by each such person.

2.      Identify each and every communication that EZ LYNK (including its employees, agents, or representatives) has had with any other person related to the subject matter of the allegations made in the Complaint filed in this action and/or defenses thereto, and for each such communication identify the date of the communication, the individuals who were involved in or present for the communication, and the means by which the communication was made.

3.      Identify the name, address, phone number, and business of any person with whom EZ LYNK (including its employees, agents, or representatives) has communicated regarding Derive and/or the facts alleged in this lawsuit from January 1, 2014 through the present.

4.      Identify all communications EZ LYNK, including its employees, agents or representatives, has had with any current or former employees of Derive.  Include in your response the name(s) of the Derive employee(s), the nature of the communication, the date(s) on which it occurred, the medium(s) via which it occurred, a statement of which party initiated the conversation, and a detailed description of the content of the communication.

5.      Identify any and all Derive property that has been in EZ LYNK's possession, custody, or control at any time between January 1, 2014 and the present.

6.      Identify each and every instance in which EZ LYNK acquired, used, modified, shared, and/or disclosed Derive's software, trade secrets, or trade dress.

7.      Identify all persons EZ LYNK expects to testify at the trial of this matter, including expert witnesses, and the substance of their anticipated testimony.

Respectfully submitted,

By:  /s/ Michael J. Songer
          Brent O. Hatch
          Phillip J. Russell
          HATCH, JAMES & DODGE, P.C.

          Mark A. Klapow
          Michael J. Songer
          CROWELL & MORING LLP

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April 2017, the foregoing Plaintiffs' First Set of

Interrogatories to Defendant EZ LYNK, SECZ was served on the following counsel of record for

Defendants via email:


Barry E. Clarkson
Matthew D. Spring
P. Rowland Graff
CLARKSON & ASSOCIATES, LLC
162 North 400 East, Suite A204
P.O. Box 1630
St. George, Utah 84771
*Attorneys for H&S Performance, LLC*

Jordan Cameron
DURHAM JONES & PINEGAR, P.C.
3301 N. Thanksgiving Way
Suite 400
Lehi, UT 8404
*Attorneys for Defendant GDP Tuning, LLC*

Kirk R. Harris
Jared J. Braithwaite
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
*Attorneys for Defendants TECHIT, LLC and
Thomas Wood*

Cameron M. Hancock
James T. Burton
Joshua S. Rupp
KIRTON MCCONKIE
Key Bank Tower
36 S. State Street, #1900
Salt Lake City, Utah 84111
*Attorneys for Defendant EZ LYNK, SEZC*

Wesley D. Felix
WES FELIX LAW, P.C.
170 S. Main #1075
Salt Lake City, Utah 84101
*Attorney for Defendant Lance Hunter*

Arthur B. Berger
Samuel C. Straight
Adam Kenji Richards
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
*Attorneys for Defendant Power
Performance Enterprises, Inc.*


/s/ Michael J. Songer
Michael J. Songer


6

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

Brent O. Hatch (5715)
bhatch@hjdlaw.com
Phillip J. Russell (10445)
prussell@hjdlaw.com
HATCH, JAMES, & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Michael J. Songer (admitted *pro hac vice*)
msonger@crowell.com
Vincent J. Galluzzo (admitted *pro hac vice*)
vgalluzzo@crowell.com
Christine B. Hawes (admitted *pro hac vice*)
chawes@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
Telephone: (202) 624-2500
Facsimile:  (202) 628-5116

*Attorneys for Plaintiffs Derive Power, LLC
and Derive Systems, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| DERIVE POWER, LLC; and DERIVE SYSTEMS, INC.;<br><br>        Plaintiffs,<br><br>v.<br><br>EZ LYNK, SEZC; H&S PERFORMANCE, LLC; THOMAS WOOD; LANCE HUNTER; TECHIT, LLC; GDP TUNING, LLC; and POWER PERFORMANCE ENTERPRISES, INC.;<br><br>        Defendants. | **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT EZ LYNK, SEZC**<br><br><br>Case No. 2:16-cv-01066-BSJ<br><br>Judge Bruce S. Jenkins |

Please take notice that, pursuant to Rule 33 of the Federal Rules of Civil Procedure,

Plaintiffs Derive Power, LLC and Derive Systems, Inc. ("Plaintiffs" or "Derive"), through

counsel, Crowell & Moring LLP, hereby requests that, within 30 days of service of this request,

Defendant EZ Lynk, SEZC ("Defendant" or "EZ Lynk") answer the following Interrogatories separately, under oath, and in accordance with the definitions and instructions below.

## **DEFINITIONS**

The following definitions apply to each request set forth herein:

1.    **Communication**.  The term "communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document, or whether face-to-face, by telephone, email, instant message, text message, mail, personal delivery, or otherwise.

2.    **Document**.  The term "document" means printed, typed, written, handwritten, recorded, taped, electronic, graphic or other tangible matter from whatever source, however produced or reproduced, of any and all such matter, including, without limitation, the original, regardless of origin or location, of any correspondence, notation, paper, book, pamphlet, periodical, letter, diary, memorandum, statement, application, affidavit, email, instant message, text message, telegram, cable, report, evaluation, record, memoir of any type of personal or telephone conversations, meetings or conferences, stenographic or handwritten note, minute, invoice, bill of lading, receipt, voucher, charge slip, statement, chart, graph, map, diagram, blueprint, table, calendar, desk pad, appointment book, index, picture, voice recording, transcript, worksheet, summary, list, tabulation, digest, cancelled or uncancelled check or drafts, tape, tape-data sheet or data sheet or data processing card or disc and copies and reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced.  Designated documents shall be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents.  The enumeration of

2

various and specific items included within the definition of the term "document" shall not be taken to limit the generality of this term, and the requests herein are directed or intended to obtain any "document" in the broadest and most comprehensive sense and meaning of that term.

3.    **You, Your, and EZ Lynk.** The terms "You," "Your," and "EZ Lynk" refer to Defendant EZ Lynk, SEZC, including its predecessors, affiliates, owners, directors, trustees, managers, employees, and agents.

## INSTRUCTIONS

The following instructions apply to each request set forth herein:

1.    If you refuse to identify any communication or document in your answer to an interrogatory because of a claim of privilege or work product, state the following information as to each such communication or document:

(a)    the date;

(b)    the individual(s) who participated in the communication or, where applicable, the author of the document;

(c)    the general subject matter of the communication or document;

(d)    type of document (<u>e.g.</u>, letter, memorandum, etc.), including number of pages (if applicable);

(e)    the name(s) of the person(s) or other entity or entities to whom it was addressed or directed;

(f)    the name(s) of each person or entity to whom the item or any copy or reproduction thereof  was ever addressed;

(g)    attachment and appendices;

(h)    present custodian;

(i)    type of privilege claimed;

3

(j)      a statement of the basis for the assertion of the privilege claim; and

(k)      whether any third party has knowledge of the information claimed to be privileged.

2.      These interrogatories do not supersede, delay, or replace any disclosures required by Federal Rule of Civil Procedure 26(a)(1).

3.      These interrogatories are continuing in nature, requiring you to immediately supplement your answers as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

8.      For any Request for Admission denied, in whole or in part, provide a written explanation as to why the Request for Admission was denied and identify the facts and circumstances, in detail, upon which You base Your explanation.

9.      Describe in detail the architecture of the Auto Agent system, including but not limited to by reference to the EZ Lynk Cloud, the iOS and Android Auto Agent apps, the Auto Agent device, and an end-user's vehicle computer.

10.      Identify the total amount of time it took for EZ Lynk and its agents to develop the Auto Agent device firmware prior to the Auto Agent device's first release.

11.      Identify the total amount of time it took for EZ Lynk and its agents to develop the Auto Agent iOS and Android phone app software prior to the Auto Agent iOS phone app software's first release and prior to the Auto Agent Android phone app software's first release.

12.      Identify the total amount of time it took for EZ Lynk and its agents to develop the Auto Agent tune building tool prior to the Auto Agent tune building tool's first release.

13.      Identify the total amount of time it took for EZ Lynk and its agents to develop the Auto Agent device firmware prior to the Auto Agent device's first release.

14.     Identify the total amount of time it took for EZ Lynk and its agents to develop any software, firmware, or other computer code not captured in Interrogatory Nos. 9-13 above.

15.     Identify all individuals, whether employed by EZ Lynk or not, involved in the development of the Auto Agent device firmware and for each individual identified, describe their involvement in the development of the Auto Agent device firmware.

16.     Identify all individuals, whether employed by EZ Lynk or not, involved in the development of the Auto Agent iOS or Android phone app software and for each individual identified, describe their involvement in the development of the Auto Agent iOS or Android phone app software.

17.     Identify all individuals, whether employed by EZ Lynk or not, involved in the development of the Auto Agent tune building tool and for each individual identified, describe their involvement in the development of the Auto Agent tune building tool.

18.     For each individual identified in response to Interrogatory No. 15 above, identify the total amount of time, on a monthly basis, that the individual spent on development of the Auto Agent device firmware.

19.     For each individual identified in response to Interrogatory No. 16 above, identify the total amount of time, on a monthly basis, that the individual spent on development of the Auto Agent iOS or Android phone app software.

20.     For each individual identified in response to Interrogatory No. 17 above, identify the total amount of time, on a monthly basis, that the individual spent on development of the Auto Agent tune building tool.

Respectfully submitted,


By:  /s/ Michael J. Songer
     Brent O. Hatch
     Phillip J. Russell
     HATCH, JAMES & DODGE, P.C.


     Michael J. Songer
     CROWELL & MORING LLP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of March, 2018, the foregoing Plaintiffs' Second Set of Interrogatories to Defendant EZ Lynk, SEZC was served on counsel of record for Defendants via email.

<u>/s/ Michael J. Songer</u>
Michael J. Songer